## BAPTISTE v. NEW ORLEANS PUBLIC SERVICE, Inc. *
### No. 16082.

Court of Appeal of Louisiana. Orleans.
June 10, 1935.

---

Ogden & Woods, of New Orleans, for appellant.

Ivy G. Kittredge, of New Orleans, for appellee.

LECHE, Judge.

Plaintiff filed this suit for damages against the New Orleans Public Service, Inc., resulting from injuries sustained by her while a passenger on one of defendant's electric motorbuses. From a judgment dismissing her suit, she has appealed.

The injury occurred on February 1, 1933, at about 8 o'clock in the morning. Petitioner boarded defendant's bus at the corner of Broadway and Freret streets along with a number of other passengers, principally persons of the colored race, who were on their way to the various places where they were employed. The bus was proceeding out the lower side of Broadway in the direction of South Claiborne avenue and the injury occurred at some point between Freret street and Willow street, four blocks distant. Petitioner alleges that the bus was brought to a sudden and violent stop, jolting and jerking petitioner and throwing her backwards, causing her head and back to strike the floor and one of the seats of the bus, resulting in the injuries complained of. The record shows that petitioner was proceeding from the front to the rear of the bus in order to obtain a seat in the rear portion reserved for colored patrons; that when she reached the last cross seat, to which she was holding with her right hand, she slipped and fell. After the injury, plaintiff went forward and notified the bus driver, who furnished her with pencil and paper and suggested that she take the names of witnesses.

There is some conflict in the testimony as to just how the fall occurred—whether plaintiff fell forward, backward, or sideways. Two witnesses testified on behalf of plaintiff that the fall was caused by the sudden and violent stopping of the bus, which threw them forward in their seats. One of the witnesses, Mathilde Augustus, was a friend or acquaintance of plaintiff, and the other, Celestine Williams, was plaintiff's daughter. Their testimony substantiates that of plaintiff that when she reached approximately the rear of the bus the sudden and violent stopping of the bus precipitated her to the floor. As opposed to this, the record discloses the testimony of the bus driver, who, at the time of the trial of this case, was no longer in defendant's employ, but was temporarily residing in the state of Georgia, where his testimony was taken by deposition. He positively denied that the bus was violently or roughly stopped, or brought to a stop in any other than the usual manner. He stated that between Freret street, where plaintiff boarded the bus, and Willow street, one stop was made, at the intersection of Oak street and Broadway, for the purpose of discharging a passenger. In addition to the testimony of the bus driver, five disinterested witnesses, all passengers on the bus, were placed upon the stand by defendant. None of these witnesses actually saw plaintiff fall, but some of them saw her after she had fallen, or while she was being assisted to her feet. These witnesses are unanimous, however, that from the time plaintiff boarded the bus until the time she reported to the bus driver that she had been injured, that there was no violent movement of the bus either in starting or stopping and that it proceeded in its usual or customary manner, with which they were familiar by experience. The record further shows that the bus was equipped with an automatic control, which progressively fed the current into the motors and absolutely prevented a sudden or violent start of the bus; likewise that the bus was equipped with air brakes, which were of a modern and effective type and capable of bringing the bus to a sudden stop.

In cases of this character, namely, in suits by passengers against common carriers for injuries sustained by them, the burden of proof is upon the carrier to show itself free from negligence. If it can show it is free from negligence, it is not necessary to show how or why the injury occurred. Our appreciation

of the record in this case is that defendant has fully discharged the burden imposed upon it by a preponderance of evidence, consisting in the testimony of five disinterested witnesses, as against two witnesses on behalf of plaintiff, one of whom was her daughter and the other an acquaintance. A common carrier is not the insurer of its passengers' safety, although it is required to use the strictest care possible in picking up its passengers, carrying them to their destination, and setting them down.

The movements of the bus in question are very much different from those of a street car. It was not only capable of moving backward and forward, as is a street car which operates on rails, but it was capable of moving sideways, as an automobile, being guided by a steering wheel under the control of its operator. Further than this, traction was furnished by four large rubber-tired wheels, which made the vehicle responsive to the unevenness of the roadway exactly in the same manner as an automobile. It can thus easily be seen that navigating the aisle of such a vehicle is much more difficult than traversing the aisle of a street car, which operates upon smooth rails. A passenger boarding and using such a bus must be held to anticipate its natural movements and to use a degree of care commensurate with the type of vehicle he selects. While the carrier is held to the strictest account in the maintenance and operation of such vehicles, it is not liable where it has shown itself to be entirely free of negligence in all respects.

This case presents solely questions of fact, and, in the absence of manifest error and in accordance with the established practice, we do not feel justified in reversing the judgment appealed from.

For the reasons assigned, the judgment appealed from is hereby affirmed.

Affirmed.