235 So.2d 103 (1970)
James HURST
v.
NEW ORLEANS PUBLIC SERVICE, INC.
No. 3783.
Court of Appeal of Louisiana, Fourth Circuit.
May 4, 1970.
Rehearing Denied June 1, 1970.
*104 Charles E. Maloney, New Orleans, for plaintiff-appellant.
A. R. Christovich, Jr., and C. B. Ogden, II, New Orleans, for defendant-appellee.
Before SAMUEL, CHASEZ and DOMENGEAUX, JJ.
SAMUEL, Judge.
This is a suit for damages resulting from a fall while alighting from a defendant bus. Plaintiff, a fare-paying passenger, alleges that as he was descending from the bus he slipped on a banana peel and fell backward, striking his head on the top step. Negligence, according to plaintiff's petition, consisted of: (1) failing to properly and timely inspect the bus; (2) failing to have a proper floor plate and/or other safety precaution at the site of the descending step; and (3) failing to warn petitioner of the banana peel. Defendant answered in the form of a general denial and alternatively pleaded contributory negligence. Following a trial on the merits, judgment was rendered in favor of the defendant, dismissing the suit. Plaintiff has appealed.
From the testimony of six witnesses, four bus passengers, the driver and an investigating police officer, we find the following facts:
Shortly after 1 p. m. on October 11, 1966 plaintiff and his cousin, Lestine Tate, followed by an independent witness, Mrs. James Scott, were alighting from the rear side door of the bus at Melpomene and Clara Streets in the City of New Orleans. Mrs. Tate, who went down the steps first. saw the banana peel on the bottom step. She stepped over it but apparently had no time to warn plaintiff of its presence. As she held the door open for him he stepped down and slipped on the peel. He did not see the peel until after he fell. Mrs. Scott, who followed plaintiff, saw the peel on the side of the bottom step. She kicked it to the sidewalk and thence into the gutter. No one testified seeing anyone on the bus eating a banana and, with the exception of Mrs. Tate who saw it only a moment before the accident occurred, no one knew the peel was on the step prior to the accident. Hearing the commotion in the back, the bus driver went to investigate. Approximately ten minutes later police officers arrived, took a statement from plaintiff, checked the area around the bus and found a banana peel lying about two feet from the bus door.
During the night preceding the accident the bus had been cleaned with an air hose and washed on the outside and the inside. This maintenance was a nightly occurrence and, as usual, was performed by the pit men in the bus barn. The bus driver reported for duty at 5 a. m. He had trips of 50 minutes each until 1:17 p. m. when he was scheduled to go off duty. At the end of each trip he would walk through the bus, looking for anything on the floor. At the start of the trip on which the accident occurred, about 50 minutes before that occurrence, he had made his usual inspection, including an inspection of the rear steps on which plaintiff later fell, and saw nothing dangerous.
The record contains no evidence relative to the second specification of negligence alleged in the petition, i.e., failure to have a proper floor plate and/or other safety precaution at the site of the descending step, and counsel for plaintiff does not urge that point in this court. Counsel does contend plaintiff has established a prima facie case because plaintiff was a fare-paying passenger on a public conveyance who failed to reach his destination safely, thus the burden of proof shifted to the defendant to exculpate itself from negligence, and *105 the defendant has failed to carry that burden. Defendant denies negligence on its part and alternatively pleads contributory negligence on the part of plaintiff in failing to see what he should have seen. Because of the conclusion we have reached on the question of primary negligence we find a consideration of contributory negligence unnecessary.
Generally, as stated in Wise v. Prescott, 244 La. 157, 166, 151 So.2d 356, 359, the law on the responsibility of carriers of passengers for hire for injuries sustained by such passengers is as follows:
"`The mere showing of injury to a fare-paying passenger on a public conveyance and his failure to reach his destination safely establishes a prima facie case of negligence and imposes the burden on the carrier of convincingly overcoming such case. Adams v. Great American Indemnity Company, La.App., 116 So.2d 307; Johnson v. Continental Southern Lines, Inc., La.App., 113 So.2d 114, 74 A.L.R.2d 1328; Coleman v. Continental Southern Lines, Inc., La.App., 107 So.2d 69; Peters v. City of Monroe, La.App., 91 So.2d 428.
A public carrier of passengers while not an insurer is required to exercise the highest degree of vigilance, care and precaution for the safety of those it undertakes to transport and is liable for the slightest negligence. Gross v. Teche Lines, Inc., 207 La. 354, 21 So.2d 378. The carrier must do all that human sagacity and foresight can do under the circumstances, in view of the character and mode of conveyance adopted, to prevent injury to passengers, the carrier being held liable for the slightest negligence with reference to the exercise of such care. Mire v. Lafourche Parish School Board, La. [App.], 62 So.2d 541.'"
In addition, included in the above requirement of exercising the highest degree of vigilance, care and precaution for the safety of its passengers is the responsibility of keeping the vehicles used by the carrier free from refuse and material likely to cause harm to passengers. Johnson v. Continental Southern Lines, Inc., La. App., 113 So.2d 114, 118.
However, the rule contained in the first paragraph of the above quotation, relative to a presumption of negligence on the part of the carrier following a showing of injury to a fare-paying passenger and his failure to reach his destination safely, has application where the injury results from the operation of the vehicle or from a defect in the vehicle or its equipment; it has no application where the injury results from some foreign substance in the aisles or other walking surfaces of the vehicle. In the foreign substance cases it is incumbent upon the plaintiff to show the substance was placed there by an employee of the carrier or that the carrier through its employees knew, or by the exercise of proper care and diligence should have known, of the presence of such foreign substance and failed to remove it. Henderson v. Baton Rouge Bus Company, La. App., 217 So.2d 422; Quigley v. Louisiana and Arkansas Railway Co., La.App., 206 So.2d 791; Alexander v. Continental Southern Lines, Inc., La.App., 139 So.2d 539; Johnson v. Continental Southern Lines, Inc., supra; Sewell v. Gulf, C. & S. F. Ry. Co., La.App., 11 So.2d 923; Jones v. Baton Rouge Electric Co., La.App., 192 So. 539.
In the instant case we are satisfied the defendant has met its duty of using the highest degree of vigilance, care and precaution by its nightly maintenance operation in cleaning and washing the bus and by the regular inspection made by the bus driver at the end of each trip. Such a nightly maintenance operation certainly is sufficient to assure an absence of foreign substances in the aisle or on the steps of the bus prior to putting the vehicle in service. And although a common carrier is bound to inspect its passenger carrying vehicles, it is not required to keep up a continuous *106 inspection or to know at every moment the condition of every part of the vehicle (Jones v. Baton Rouge Electric Co., supra). The regular inspection of the bus by its driver at the end of each trip also meets that duty. To require more frequent inspections would be so highly impractical as to make impossible a proper performance of the defendant's obligations as a common carrier.
Here the bus driver, of course, sat in the driver's seat at the front of the bus. During the course of each trip he was unable to see the condition of the step on which plaintiff slipped, that step being in the rear of the vehicle. As there is no evidence in this record to show any defendant employee caused the banana peel to be placed on the bus step or to show the driver knew, or should have known, the peel was there and failed to remove it, we find no error in the trial court judgment.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.