CULPEPPER, Judge.
Plaintiff seeks damages for personal injuries. She was a passenger on a bus which was struck at an intersection by an automobile. Defendants are the driver of the automobile, the driver of the bus, the insurer of the bus, and the city of Lafayette, owner of the bus. The district judge held the accident was caused solely by the negligence of the driver of the automobile. Plaintiff has appealed that part of the judgment holding the bus driver free of negligence.
We have reviewed the record and find the relative facts are as follows: At the scene of the accident, State Highway 167 is a one-way thoroughfare for south bound traffic and contains three lanes, each of which is about 15 feet in width. It inter *798 sects Jefferson Boulevard at right angles. Traffic at the intersection is controlled by a signal light.
The bus was proceeding in a westerly direction on Jefferson and approached the intersection at 10 to 15 miles an hour. There is a building on the northeast corner of the intersection approximately 15 feet from the curb. This building obscured the bus driver’s view of south bound traffic on Highway 167 until he reached the point approximately 30 feet from the center of the intersection. As he entered the intersection, the bus driver was watching the traffic light, which was green. He did not observe the automobile which was approaching in the center lane of Highway 167 at a speed of about 30 miles per hour and did not stop for the red light. At a point approximately in the center of the intersection, the front of the automobile struck the right-hand side of the bus, near the front seat.
One passenger, who was seated a few feet to the rear of the driver, saw the automobile and screamed just before it struck. Two other passengers heard the scream and looked and saw the car strike the bus.
Applicable here is the jurisprudential rule that a public carrier, while not an insurer, is required to exercise the highest degree of care for the safety, of its passengers, and a mere showing of injury to a fare-paying passenger establishes a prima facie case of negligence against the carrier, Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963).
Also applicable is the rule that a motorist on the favored street, by virtue of a green traffic signal, may assume that a motorist on the inferior street will yield the right of way, and the favored motorist may indulge in this assumption until he sees or should see that the motorist on the inferior street is not going to obey the law, Sims v. Miller, 193 So.2d 890 (La.App. 3rd Cir.1967) and the authorities cited therein. If the superior driver sees or should see that the inferior motorist is not going to obey the traffic signal, and if thereafter the superior driver has a reasonable opportunity to avoid the accident, then he must do so, Smith v. Borchers, 243 La. 746, 146 So.2d 793 (1962); Denton v. Fontenot, 216 So.2d 310 (La.App. 3rd Cir.1968).
We find no manifest error in the factual finding of the trial judge that the bus driver was not negligent in failing to see the approaching automobile in time to avoid the accident. At its speed of 10 to 15 miles per hour, the bus traveled the 30 feet from the point where its driver could first see the approaching vehicle to the point where the impact occurred, in less than two seconds. The bus operator says he was watching the traffic light and did not observe the approaching automobile. In view of the fact that the bus driver had a right to assume the automobile would stop for the red light and the fact that he had practically no opportunity to observe the approaching automobile before the impact, we find the bus operator free of negligence. To hold to the contrary would require that under such circumstances the driver of a bus must stop and look for traffic approaching on the inferior street, even though he has the green light. In our view, the law should place no such duty on the driver of a bus or any other vehicle.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.