GUIDRY, Judge.
In this suit the plaintiff seeks to recover damages for personal injury allegedly sus *653 tained by him while riding- as a fare paying passenger on a transit bus owned and operated by New Orleans Public Service, Inc. Plaintiff asserts that he sustained injury when his right elbow came into contact with a utility pole located on the sidewalk near the corner of Camp and Gravier Streets in the City of New Orleans. There was judgment in the trial court in favor of plaintiff awarding to him general and special damages in the aggregate sum of $3,140.00 from which judgment the defendant company has appealed suspensive-iy-
The record does not indicate any serious conflict in the facts surrounding the occurrence of the accident except as to one essential fact which will be alluded to hereafter. Essentially the record reveals that on the date in question, July 6, 1967, plaintiff, Marshall Jones, was riding as a fare paying passenger on a bus owned and operated by the defendant New Orleans Public Service, Inc.; that he was seated on the right rear seat of the bus next to an open window; that his right arm was flexed and rested upon the window sill extending about 4" outside the window; and that at some point in time, between the stopping of the bus at the “stop” on Gravier and Camp Streets and the resumption of the route from such “stop”, the plaintiff’s elbow came into contact with some object, presumably a utility pole, situated on the sidewalk about 8" from the curbing, thereby causing his injury.
The one serious conflict in the evidence concerns the important fact as to whether or not the right rear wheel of the transit bus went up onto the sidewalk along the right side of Camp Street, either as the bus was coming in to the stop at the corner or as it was departing therefrom. We are unable to ascertain what conclusion the trial judge may have reached in this regard in that his reasons for judgment do not set forth his findings of fact. However, considering the record as a whole we find that the only conclusion which can be reached in this regard is that the right rear wheel of the bus did not go up onto the sidewalk area or strike the curbing as contended by the plaintiff and as set forth in his testimony. We reach this conclusion for several reasons.
The bus driver denied that the right rear wheel of the vehicle went up onto the sidewalk or that it struck the curbing as he approached the stop or as he departed therefrom. Although, in this connection his testimony should be scrutinized, considering his interest in the subject matter, he is corroborated in this statement by two passengers, both of whom were certainly disinterested witnesses. On the other hand, the plaintiff’s testimony in this regard to the opposite effect, which testimony must be viewed in the same light as that of the bus driver’s, is not corroborated by anyone in spite of the fact that there were many other passengers on the bus, at least two of whom were acquaintances of the plaintiff. Additionally, according to the plaintiff’s testimony, the right rear wheel of the bus supposedly went up onto the sidewalk as the bus came into the bus stop at Camp and Gravier which would be a physical impossibility. The bus approached the stop at an angle and came to rest with the right front wheel near the curbing. The front wheel did not jump the curbing and because of the angle of approach which the bus had taken, the back of the bus had to have been further out into the street than the front.
Finally the analysis of the plaintiff’s testimony indicates his thorough confusion as to when, how and at what point in time his arm came into contact with an object outside the bus. The record appears to clearly indicate that the plaintiff’s right elbow did in fact come into contact with some object at the corner of Camp and Gravier, his arm being flexed and extending outside the rear window of the bus and it seems clear too that it did so when the transit bus was pulling away from the curb. There is no question but that the driver of the bus was required upon leaving the stop to swerve the vehicle to the left in order to *654 again enter the stream of traffic flowing North on Camp Street. Undoubtedly this maneuver caused the rear of the bus to sway to some extent, not necessarily with a skidding motion, but with a leaning movement of the body of the bus. Because of this, when the body of the bus leaned, the extended arm of the plaintiff apparently came into passing contact with some object located on the sidewalk in the immediate vicinity of the bus stop.
It is well settled in our jurisprudence that although a public carrier is not the insurer of its passenger’s safety, it must exercise a high degree of care in transporting the passenger to his destination. Moreover should an individual suffer injury while riding on such a carrier, he may establish a prima facie case of negligence against the public carrier by proving that he was a fare paying passenger on the vehicle in question along with the nature of his injuries. At this point the burden of proof shifts to the carrier to exculpate itself of fault contributing to the individual’s injuries. Coleman v. Shreveport Railways Company, 86 So.2d 590, La.App. (1956). In order to exculpate itself, it is not necessary that the public carrier establish the manner in which the claimant was injured. Rather the carrier need only prove that its actions at the time of the passenger’s injury were not negligent ones. Baptiste v. New Orleans Public Service, Inc., 161 So. 783, La.App. (1935). We are of the opinion that defendant, New Orleans Public Service, Inc., has successfully met the burden of proof necessary to prevail in the case at bar. We are unable to discern any negligent conduct on the part of the driver of the transit vehicle which caused plaintiff’s injury.
The bus driver was forced to bring his vehicle as close to the curb as possible prior to receiving and discharging passengers in order to avoid the obstruction of a traffic lane on Camp Street. This he did without striking the curb or causing any of the wheels of his vehicle to leave the street. Moreover, we can discern nothing from the record to indicate that the bus driver committed a negligent act as he attempted to guide the vehicle back into the stream of traffic. The driver stated that he began moving his vehicle forward in the parking lane, when he was notified that plaintiff was injured. Throughout this entire period the record reflects that the driver was operating his vehicle in a careful and prudent manner.
Having determined that the driver of the defendant’s transit bus was not in anywise negligent on the occasion in question we pretermit any discussion of the issue of contributory negligence urged by defendant.
For the foregoing reasons the judgment of the lower court is reversed and plaintiff’s suit is hereby dismissed at his cost. Cost of this proceeding to be borne by Plaintiff-Appellee.
Reversed.