293 So.2d 203 (1974)
Miss Lula Mae JOHNSON
v.
NEW ORLEANS PUBLIC SERVICE, INCORPORATED.
No. 6069.
Court of Appeal of Louisiana, Fourth Circuit.
March 8, 1974.
*204 David Gertler, New Orleans, for plaintiff-appellee.
R. K. Christovich and A. R. Christovich, Jr., New Orleans, for defendant-appellant.
Before SAMUEL, SCHOTT AND BOURG, JJ.
SAMUEL, Judge.
This is a suit for damages for personal injuries sustained by plaintiff as a result of a fall on a New Orleans Public Service, Inc. bus. Following trial on the merits judgment was rendered in favor of defendant, dismissing plaintiff's suit. Plaintiff has appealed.
Plaintiff, a fare paying passenger on the bus, had boarded the vehicle at Orleans Avenue and Roman Street in the City of New Orleans. Shortly before the bus arrived at the stop at which she desired to get off, plaintiff got up from her seat and pulled the cord to indicate to the driver she intended to alight. She started to walk to the rear exit door. Before she reached the door she fell and injured herself. Being notified by another passenger that an accident had occurred, the driver brought his vehicle to a stop and went to plaintiff's assistance. He then resumed driving and called the police and his supervisor from the first stop at which a telephone was available. Plaintiff was taken to a hospital for examination and treatment.
Testimony relative to the occurrence of the accident was given by plaintiff, Louis Hancock (an independent witness who was a passenger on the bus at the time of the accident), Joseph Reed (the defendant's driver), and a defendant claims representative who had interviewed plaintiff concerning the accident.
Plaintiff testified: In traveling its regular route the bus had to make a left turn from Orleans Avenue onto Treme Street. Just before her stop she pulled the signal cord and began to walk to the rear. As she did so, the bus started into the turn and struck a curb, causing her to fall to the floor and injure her knee and her leg. A passenger "hollered" and the driver came to her assistance after he had stopped the bus somewhere in the next block or so. Later the supervisor arrived and she was taken to the hospital. Plaintiff admitted surgery had been performed on both of her knees several years before the accident but said she had experienced no trouble with the knees since recovery from that surgery.
*205 Joseph Reed, the driver stated: Orleans Avenue is a four lane street with a neutral ground running from the river to the lake. Treme is a two lane street, but wider than the ordinary street. He was traveling about 3 or 4 miles per hour as he neared the turn onto Treme. He looked in his rear view mirror and saw no traffic. As the bus turned onto Treme it crossed railroad tracks which were embedded in the street. Shortly after making the turn he heard a passenger "holler" that someone was hurt. He went back to help plaintiff after stopping the bus at the first convenient place and assisted her to a seat. He carefully examined the bus to determine what had caused her fall, but he could see nothing. He testified the bus had not hit the curb.
Louis Hancock, called by the defendant, testified: He was the passenger who called the driver's attention to the fact that plaintiff had fallen and injured herself. He saw plaintiff get up from her seat, pull the signal cord to indicate to the driver she desired to alight, and proceed to walk toward the rear of the bus. She "slipped some kind of way" and fell as she was walking to the rear. He did not know what caused her to fall, although he did notice a worn piece of metal on the floor in the area in which she fell. At the time of the fall the bus was proceeding at a normal rate of speed just after making the turn and there was no unusual jolt or jerk with the exception of some bouncing across the railroad tracks. This witness further stated that "to my knowledge" the bus did not hit the curb.
The defendant claims adjuster testified only regarding conversations he had with the plaintiff at the hospital and at his office following the occurrence of the accident.
Applicable here are the following jurisprudential rules: A public carrier, while not an insurer, is required to exercise the highest degree of care for the safety of its passengers, and a mere showing of injury to a fare paying passenger establishes a prima facie case of negligence against the carrier.[1] Once a prima facie case has been established, the burden of proof is then on the defendant to show there has been no disregard of its duties and that the damage resulted from a cause which human care and foresight could not prevent.[2] In the operation of transit vehicles there is a certain amount of jerking or jolting consistent with the operation which is to be expected, should be anticipated, and for which the carrier cannot be held liable.[3]
In the instant matter plaintiff clearly has established a prima facie case. There is no question that Mrs. Johnson fell on the bus and suffered injuries. However, the evidence shows the bus was traveling at a normal and reasonable rate of speed and that there was no unusual jolting as it crossed the railroad tracks, an operation which is expected and should be anticipated by passengers. We are satisfied the bus did not hit a curb and thus cause the fall in suit. The only evidence indicating the bus had hit a curb was the testimony given by the plaintiff herself, but the other testifying passenger and the bus driver effectively denied such an incident. Nor do we feel plaintiff fell as a result of slipping on worn metal on the bus floor. The only evidence to that effect is the testimony of the other passenger and, *206 from our reading of all of his testimony, we are of the opinion he was merely speculating in an effort to find some reason for plaintiff's fall. Neither in her pleadings nor in her testimony did the plaintiff complain about any jolting as the bus went over the tracks or about any slip because of the condition of the bus floor; her only complaint was that she fell because of the single jolt caused by the bus hitting a curb.
Under these circumstances we agree with the trial court's conclusion that the defendant has carried its burden of proof showing it exercised its required degree of care for the safety of its passengers.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] Wise v. Prescott, 244 La. 157, 151 So.2d 356; Green v. Taca International Airlines, La.App., 293 So.2d 198, handed down this date; Alfred v. Benoit, La.App., 253 So.2d 797.
[2] Wise v. Prescott, supra, footnote 1; Jones v. New Orleans Public Service, Inc., La.App., 254 So.2d 652; Walker v. New Orleans Public Service, Inc., La.App., 245 So.2d 763; Hurst v. New Orleans Public Service, Inc., La.App., 235 So.2d 103; King v. King, 253 La. 270, 217 So.2d 395.
[3] Harris v. Shreveport Railways Company, La. App., 83 So.2d 517; Rhodes v. New Orleans Public Service, La.App., 75 So.2d 549.