314 So.2d 545 (1975)
Thomas VAUGHN et ux. et al.
v.
NEW ORLEANS PUBLIC SERVICE, INC.
Nos. 6770-6773.
Court of Appeal of Louisiana, Fourth Circuit.
June 11, 1975.
*546 S. Michael Cashio, Lafayette, for plaintiffs-appellants.
C. B. Ogden, II, New Orleans, for defendant-appellee.
Before SAMUEL, LEMMON and BOUTALL, JJ.
SAMUEL, Judge.
Plaintiffs instituted these four suits against New Orleans Public Service, Inc. for personal injuries and medical expenses allegedly resulting from an incident which occurred on a public service bus owned and operated by the defendant. The cases were consolidated for trial in the district court and for argument here. Following trial on the merits in the district court, there were judgments in favor of the defendant, dismissing the four suits. All of the plaintiffs have appealed.
Testimony relative to the facts of the incident in suit was given by seven witnesses. Plaintiffs Julia Vaughn, Mary Edwards (now Mary Edwards Belone), Enora Brown and Dorothy Malveo, together with Geraldine Southal, testified on behalf of the plaintiffs. These witnesses were in a group of ladies, all relatives or friends, going shopping. Frank Honore, the bus driver, and Karen Harrold, the sole independent witness, testified on behalf of the defendant.
The testimony of the five plaintiff witnesses is contradictory and inconsistent, not only as compared to the testimony of the two defendant witnesses but also as compared with each other. On the other hand, the testimony of Mrs. Harrold, the independent witness, and the testimony of the bus driver are consistently the same as to the material facts. The trial court accepted the testimony of those two defendant witnesses. We agree with that conclusion and, accordingly, find the following facts:
The above named plaintiff witnesses were fare paying passengers on the bus then being driven by the defendant's employee, Honore. The bus was crowded with passengers. At or near the intersection of Washington Avenue and Freret Street in the City of New Orleans, a short black man (otherwise unidentified by the witnesses) boarded the bus carrying a soft drink bottle. A foreign appearing man, whom the witnesses refer to as a Mexican, also boarded the bus at the same time. Both proceeded to seats in the rear. A ruckus subsequently arose between the two men during which the black man cursed and threatened the Mexican. This frightened some of the passengers who informed the driver of what was happening. When the driver was made aware of the situation, he stopped at the next bus stop, asked all of the passengers to leave, and proceeded to look for a telephone to report the incident. With the exception of the Mexican, who remained seated, all of the passengers left the bus. The driver was unable to locate a telephone. However, as the black man who had caused the incident had exited through the rear door and apparently left the vicinity of the bus (none of the witnesses saw him at this time), the driver requested the passengers to reboard. Some of them, including the plaintiff factual witnesses, did so. But shortly thereafter, while the bus remained stationary, the black man suddenly returned to the scene and tried to force his way back on the bus through the rear door. Someone shouted he had a gun. There was panic among the passengers on board and they rushed to get out of the bus through the front door. It was during this rush and hurried exit that the injuries in suit allegedly occurred.
The applicable law is that, although a public carrier is not an insurer of its passengers' safety, it is required to exercise the highest degree of vigilance, care *547 and precaution for the safety of its passengers and is liable for the slightest negligence which causes or contributes to their injury; in addition, the mere showing of an injury to a fare paying passenger on a public carrier and his failure to reach his distination safely establishes a prima facie case against the carrier and imposes on it the burden of showing it was free from any negligence which caused or contributed to the injury.[1] As this court quoted with approval in Alphonse v. New Orleans Public Service, Inc.:[2]
"* * * A carrier of passengers is liable for the slightest negligence which contributes to an accident that causes injury to a passenger but it is not an insurer of the passenger's safety against negligent acts of third parties and their palpable disregard of the law. The highest degree of care doctrine is not synonymous with a guarantee of the passenger's safety against any possible injury. Until there is some indication which would require a vigilant, competent, and experienced driver exercising the highest degree of care to observe the contemplated reckless and unlawful act of another, it is not negligence on his part to fail to do so. To hold otherwise would require the operator of a passenger vehicle to foresee every unexpected and sudden emergency. To place such an obligation on him would require him to speculate with mere possibilities and pure conjecture. * * *'"
In the instant case, the convincing evidence is that, although he entered the bus carrying a soft drink bottle, the man who caused the incident did not appear to be intoxicated nor was there any indication upon his entry that he was going to be unruly in any manner. We cannot find, as urged by the plaintiffs, that the bus driver was negligent in failing to phone for assistance after all but one of the passengers had left the bus and prior to reboarding by some of them. Although one of the witnesses did see a telephone in the area where the bus was stopped and realized the driver was looking for one, she did not so inform the driver when she discovered he was unable to find a telephone. She must have felt, and it so appears to us, that after the offending passenger has left the bus and the scene, there was no longer any need for assistance. The reappearance of the unruly passenger came as a complete and understandable surprise not only to the bus driver, but obviously to the passengers who reboarded the bus. They would not have done so, or have been requested to do so by the driver, had the unruly passenger remained a threat to them. In our opinion the actions taken by the driver were prudent and all that he could reasonably be expected to take under the circumstances. We conclude, as did the trial court, that there was no negligence on the part of the defendant driver.
For the reasons assigned, the judgments appealed from, being those judgments read, rendered and signed March 12, 1974 in Vaughn, et ux v. New Orleans Public Service, Inc., No. 527-394 of the docket of the trial court and No. 6770 of our docket, Edwards v. New Orleans Public Service, Inc., No. 534-061 of the docket of the trial court and No. 6771 of our docket, Brown v. New Orleans Public Service, Inc., No. 534-948 of the docket of the trial court and No. 6772 of our docket, and Malveo, et ux v. New Orleans Public Service, Inc., No. 539-151 of the docket of the trial court and No. 6773 of our docket, are affirmed.
Affirmed.
NOTES
[1] Gross v. Teche Lines, Inc., 207 La. 354, 21 So.2d 378; Wise v. Prescott, 244 La. 157, 151 So.2d 356; Aime v. Hebert, La.App., 282 So.2d 566; Jones v. New Orleans Public Service, Inc., La.App., 254 So.2d 652; Alfred v. Benoit, La.App., 253 So.2d 797; Hurst v. New Orleans Public Service, Inc., La.App., 235 So.2d 103.
[2] La.App., 138 So.2d 610, 613.