BOUTALL, Judge.
Ernest Martin 'sued a truck driver and New Orleans Public Service, Inc. for personal injuries and damages arising from a hit-and-run collision between the truck and the bus on which plaintiff was a fare-paying passenger. He appeals from a judgment dismissing his suit against New Orleans Public Service, Inc.
At issue here is solely whether or not an act or omission by the defendant’s bus driver caused or contributed to the cause of the accident. The defendant-appellee contends that the bus was stopped at the time of the hit-and-run accident and was in the proper lane of traffic, and there was no fault or negligence on the part of the bus driver. The plaintiff-appellant contends that the bus was pulling away from the stop at the time of the accident and did so in a negligent manner.
Plaintiff argues that he does not need to show the bus driver to be negligent, but merely need show that he had sustained an injury in transit to establish a prima facie case of negligence against the carrier. Johnson v. New Orleans Public Service, Inc., La.App., 293 So.2d 203 (1974). Once the prima facie case has been established, the burden of proof is then on the carrier to show that there has been no disregard of its duties. He asserts failure to carry this burden of proof.
The plaintiff and the plaintiff’s witness, Alan Johnson, testified that the bus had begun to pull away from the stop at the time of the collision (although the plaintiff’s testimony was confused on this and many other issues).
The defendant attempted to prove its freedom from negligence through the testi *1213 mony of its witness, the bus driver Alphonso Peacock, and two passengers, Dorothy Wise and Clarence Johnson. The defendant’s witnesses testified that the bus was stopped in the right lane at the time of the collision, and that lane was the proper lane for the bus.
Thus, the issue of negligence became a question of credibility of the testimony of the various witnesses. If the defendant’s version of the accident was accepted, the bus was properly stopped at the time of the accident and the defendant could not be guilty of any negligence. If the plaintiff’s version of the accident were accepted, the defendant has not exculpated itself from liability.
The trial judge made a determination of the credibility of the witnesses and found no negligence by the defendant. In his reason for judgment he said:
“The court was not impressed with the testimony of Ernest Martin and Alan Johnson.
“The Court is of the opinion that Alphonso Peacock, the driver of the bus, was not guilty of any negligence whatsoever.
“There will be judgment accordingly.”
Because this case was determined by the credibility of the witnesses, our appellate review of this case is guided by the principles set forth in Canter v. Koehring Co., 283 So.2d 716, 724, (La. 1973):
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; there is conflict in the testimony, reasonable evaluations of credibility ' and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.”
Our review of the record leads us to the conclusion that there was no manifest error in the credibility determination and that defendant carried its burden of proof. Accordingly, the judgment appealed is affirmed.

AFFIRMED.