354 So.2d 768 (1978)
Lillie DUPLESSIS, mother of Darren Duplessis and Darren Duplessis
v.
NEW ORLEANS PUBLIC SERVICE, INC.
No. 8740.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1978.
Rehearing Denied February 14, 1978.
*769 Dale C. Wilks, New Orleans, for plaintiffs-appellees.
C. B. Ogden, II, New Orleans, for defendant-appellant.
Before GULOTTA, BEER and BOWES, JJ.
BOWES, Judge.
Plaintiff instituted this suit for damages for personal injuries and medical expenses resulting from an incident which occurred on a public service bus. Darren Duplessis, a minor 13 years of age, was injured while a passenger on a bus commandeered by a thief and driven in a careless and negligent manner. Following trial on the merits, judgment was rendered in favor of plaintiffs in the sum of $1,508. Defendant has appealed.
The record reflects the following facts: On October 12, 1975 Duplessis was a passenger on the bus which was stopped at the intersection of Piety and North Galvez Streets in the City of New Orleans, when the driver left the bus without turning off the ignition to pick up lunch at a fried chicken outlet, and to take a comfort stop at a nearby gasoline station. The driver was gone for a minute and a half during which time a thief entered the bus and drove it away, crossing a neutral ground and striking a traffic semaphore in the process. Darren and another passenger were finally permitted to disembark some distance from where the bus was hijacked.
The issue presented for our determination is whether the bus driver's failure to turn off the engine constitutes negligence which was a proximate cause of the injuries sustained by the minor.
The applicable law is that although a public carrier is not an insurer of its passengers' safety, it is required to exercise the highest degree of vigilance, care and precaution for the safety of its passengers and is liable for the slightest negligence which causes or contributes to an injury. In addition, the mere showing of an injury to a fare paying passenger on a public carrier and his failure to reach his destination safely establishes a prima facie case against the carrier and imposes on it the burden of showing it was free from any negligence which caused or contributed to the injury.[1]
The record reflects that the bus driver was violating Rule No. 48 of the New Orleans Public Service, Inc. Transit Department Transportation Rules and Regulations, which provides that an operator leaving a bus must turn the motor off, put the gears in neutral and set the hand brake.
It is also conceded that the driver violated LSA-R.S. 32:145 which provides in pertinent part:
"No person driving or in charge of any motor vehicle shall permit it to stand unattended without first stopping the motor, locking the ignition, removing the key, and effectively setting the brake thereon, . . ." LSA-R.S. 32:145.
Defendant contends that these violations do not make defendant responsible for the carelessness of a thief who steals the car and thereafter injures someone else with his driving.[2] *770 Our jurisprudence has long been settled to the effect that merely leaving the keys in a car is not a proximate cause of injuries received through subsequent negligence of a thief.
While the owner of an automobile who leaves his vehicle unattended with the keys in the car may owe no duty to the public at large against the risk of a thief's negligent operation of an automobile, the jurisprudence is also to the effect that "a carrier of passengers is liable for the slightest negligence which contributes to an accident that causes injury to a passenger."
The highest degree of care doctrine is not synonymous with a guarantee of the passenger's safety against possible injury, until there is some indication which would require a vigilant, competent, and experienced driver exercising the highest degree of care to observe the contemplated reckless and unlawful act of another. The carrier must do all that human sagacity and foresight can do under the circumstances, in view of the character and mode of conveyance adopted, to prevent injury to passengers.[3]
Should an individual suffer injury while riding on a public carrier, he may establish a prima facie case of negligence by proving he was a fare paying passenger on the vehicle in question along with the nature of his injuries. This the plaintiff has done. At this point the burden of proof shifts to the carrier to exculpate itself of fault contributing to the individual's injuries.[4]
In order to exculpate itself, it is not necessary that the carrier establish the manner in which the plaintiff was injured. Rather the carrier need only to prove that its actions at the time of the passenger's injury were not negligent ones.[5]
We are of the opinion that the bus driver in leaving the bus unattended with its motor running and the doors open, particularly in view of the fact that at least one of the passengers was a minor, was negligent, and that such negligence was a proximate cause of the injury.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
PER CURIAM.
A typographical error has been called to our attention in the application for rehearing. The correct amount of the judgment rendered in favor of plaintiff in the lower court is the sum of $2,508, and not, as incorrectly listed, the sum of $1,508.
We correct this error herewith. Rehearing refused.
NOTES
[1] Wise v. Prescott, 244 La. 157, 151 So.2d 356; Gross v. Teche Lines, 207 La. 354, 21 So.2d 378; Baughn v. New Orleans Public Service, Inc., La.App., 314 So.2d 545; Aime v. Hebert, La.App., 282 So.2d 566; Jones v. New Orleans Public Service, Inc., La.App., 254 So.2d 652.
[2] Roach v. Liberty Mutual Insurance Company, La.App., 279 So.2d 775; Berluchaux v. Employers Mutual of Wausau, La.App., 194 So.2d 463; Call v. Huffman, La.App., 163 So.2d 397.
[3] Mire v. LaFourche Parish School Board, La.App., 62 So.2d 541.
[4] Jones v. New Orleans Public Service, Inc., La.App., 254 So.2d 652; Coleman v. Shreveport Railways Company, La.App., 86 So.2d 590.
[5] Hurst v. New Orleans Public Service, Inc., La.App., 235 So.2d 103; Baptiste v. New Orleans Public Service, La.App., 161 So. 783.