413 So.2d 321 (1982)
Donna GREEN, Plaintiff-Appellant,
v.
CITY OF ALEXANDRIA, et al., Defendants-Appellees.
No. 8729.
Court of Appeal of Louisiana, Third Circuit.
April 14, 1982.
*322 P. Spencer Torry, and Louis Berry, Alexandria, for plaintiff-appellant.
Knight Doggett, Alexandria, for plaintiff-appellee.
Gist, Methvin, Hughes & Munsterman, David A. Hughes, Alexandria, for defendant-appellee.
Before DOMENGEAUX, FORET and LABORDE, JJ.
DOMENGEAUX, Judge.
This case was consolidated for trial with that of Bobbie Norris Ashley[1]v. City of Alexandria, et al,[2] No. 8730, on the docket of this Court.[3] The cases have remained consolidated on appeal, and, as the law and relevant facts are common to both, our opinion herein is equally applicable to each. Nevertheless, we render a separate judg-Ashley v. City of Alexandria, et al, 413 So.2d 323 (La.App. 3rd Cir. 1982).
The appellants seek damages for injuries allegedly occasioned while riding a city bus owned and operated by defendant, City of Alexandria. Appellants allege in their petition that on or about September 18, 1979, they were paying passengers on Alexandria city bus number 95, driven by city bus employee Edward Carriker. They further allege that as the city bus approached the intersection of Texas Street and Monroe Street, which is controlled by a traffic signal, the bus driver, realizing that he could not safely make the light, slammed on his brakes. As a result, appellants contend that they were thrown backward and then forward in their seats, causing severe stomach and back injuries. The trial court held in favor of defendant rejecting all of appellants' demands at their costs. We affirm.
It is fundamental law that a plaintiff must establish his case by a preponderance of evidence. Naquin v. Marquette Casualty Company, 244 La. 569, 153 So.2d 395 (1963).
The trial judge gave reasons for his judgment as follows:
"Without going into or reciting all of the facts of the case, try hard as it may, the court was unable to glean from the confusing and often contradictory evidence sufficient facts to warrant a finding that the city bus did not exercise the degree of care for the safety of passengers required by public carriers.
The plaintiffs simply did not sustain the burden of proof necessary for recovery. Therefore, the demands of all plaintiffs are rejected at their cost.
(See Johnson v. New Orleans Public Service, Inc., 293 So.2d 203 [La.App.])."
Testimony of Orelier M. McClinton,[4] Donna Green, Bobbie Norris Ashley, and Pamela Norris contains innumerable conflicts and inconsistencies. The record *323 contains not only the trial testimony of these four individuals but also contains two depositions of Bobbie Norris Ashley, and the depositions of Donna Green and Orelier M. McClinton. By review of the testimony and depositions, it becomes apparent that the conflicts and discrepancies pertain to major and material aspects of appellants' cases.
The most significant conflict involves the discrepancies relating to the location of the alleged accident. Appellants testify that the accident occurred while they and Orelier M. McClinton were on their way to K-Mart from downtown Alexandria to go shopping. Orelier M. McClinton, on the other hand, pled in her petition and stated in her deposition taken October 2, 1980, that her injuries occurred as she was attempting to sit as the bus left K-Mart towards downtown when she and appellants were returning home from shopping. At trial Miss McClinton testified, after the appellants. She then claimed that she was hurt by the time she got to K-Mart, contrary to the allegations of her petition, and contrary to her October 2nd deposition.
Without going into details, we also find it particularly significant that Bobbie Norris Ashley and Pamela Norris changed their versions of the occurrences in question considerably from that which were given in their October 2, 1980 depositions to that which were given in their October 23, 1980 depositions. It is apparent either they were totally confused about the events which allegedly took place that day, or that they changed their story so not to totally conflict with the version previously given by Orelier M. McClinton in her October 2nd deposition.
Finally, although appellants testified with great finality about the buses taken by them that day and the drivers of those buses, their testimony was completely contradicted by the defendant. According to the defendant's records, none of the buses allegedly taken by plaintiffs on the date of the accident were operating on said route. Furthermore, most of the drivers that appellants claimed drove them to and from the shopping center that day did not start working until some two or more hours after the alleged accident, and the records reflect that they were driving routes other than those taken by appellants.
Our law is well settled that where there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's determination, on review the appellate court should not disturb this finding unless it is clearly wrong or manifestly erroneous. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
It is evident that the trial judge was not impressed with the testimony of the plaintiffs. Our review of the record confirms this, consequently, we find no manifest error on the part of the trial judge, who found defendant free of any actionable negligence. Therefore the trial judge's findings of fact in this case is affirmed.
For the above and foregoing reasons the judgment of the district court is affirmed. Appellate costs in these consolidated appeals are assessed one-half (½) to Donna Green, and one-half (½) to Bobbie Norris Ashley.
AFFIRMED.
NOTES
[1] Bobbie Norris Ashley is plaintiff herein by suing on behalf of her minor child Pamela Norris.
[2] Also made defendant in these cases is Alexander & Bolton Insurance Company, the insurer for defendant, City of Alexandria.
[3] These cases were also consolidated for trial with civil suit number 112,686 of Rapides Parish, Louisiana, entitled Orelier M. McClinton v. The Home Insurance Co., which is not on appeal before this Court.
[4] Ibid.