KLEES, Judge.
In each of these consolidated cases, Defendant, New Orleans Public Service, Inc., appeals from judgments for damages sustained by Plaintiffs, Vernell Merrick, Gertrude Edwards and Jean Matthews in an accident which occurred while they were passengers on a bus owned and operated by defendant.
The issue presented on appeal is whether defendant driver’s action in parking her bus with the rear end protruding into the street constituted a proximate cause of the accident. The trial court concluded that it did and we affirm.
On August 2, 1977 at approximately 7 p. m. during a light rain, the plaintiffs were all fare-paying passengers aboard a New Orleans Public Service, Inc. bus. The bus *556 was struck from the rear by an automobile as it was at a stop near the corner of Canal Street and South Galvez. The bus operator did not pull the bus all the way into the designated bus stop space, but rather brought the bus in. at an angle, so that the rear of the bus protruded into the adjacent travel lane. Defendant-appellant’s claim that there was no negligence on the part of their bus operator or alternatively that any such negligence was not the proximate cause of the accident.
According to the jurisprudence of the State of Louisiana, public carriers of passengers owe the highest degree of care to their passengers. Walker v. New Orleans Public Service, Inc., 245 So.2d 763 (La.App. 4th Cir. 1971), and although the public carrier is not the insurer of its passengers safety, it is required to exercise the highest degree of vigilance, care and precaution for the safety of its passengers, and is liable for the slightest negligence which causes or contributes to their injury, Vaughn v. New Orleans Public Service, Inc., 314 So.2d 545 (La.App. 4th Cir. 1975).
In addition, it was incumbent upon appellant at trial to prove that its driver was free from negligence. Galland v. New Orleans Public Service, Inc., 377 So.2d 84 (La.1979). Appellants agree that our jurisprudence holds that a motorist who stops or parks his vehicle so that part of the vehicle or all of the vehicle is obstructing a travel lane may be liable for his actions depending upon the conditions that existed at the time of the occurrence.
Nonetheless, they contend that even if the vehicle were improperly parked, that there must be a causal connection between the improper act and the resulting accident. In this case the evidence reveals that the bus was stopped at such an angle that the rear of the bus was protruding into the middle of South Galvez Street.
By parking at such an angle, the appellant’s bus driver has breached the duty not to obstruct the roadway or safe flow of traffic. However, this breach, in and of itself, does not mean that the appellant is automatically liable for the injuries sustained by the injured passengers. The duty, and subsequent breach of that duty, must encompass the risk of these particular plaintiffs’ being injured by way of such an accident before liability can be imposed upon the defendant-appellant. The language of Dixie Drive It Yourself v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962), when considered in light of the facts of the present case, seems to indicate that the duty imposed upon the appellant did encompass the risk that an inattentive or confused motorist might strike the bus while the rear of the bus was protruding into the middle lane of traffic.
Appellant cites Laird v. Travelers, 263 La. 199, 267 So.2d 714 (1972), and Smith v. Frederick, 221 So.2d 306 (La.App. 4th Cir. 1969) contending that in these cases the courts found no causal connection between improperly parked vehicles and the accident. In each of those cases, the courts went to great lengths to recite facts which indicated the fault of the following motorist. In this case there is no such evidence presented.
Accordingly, the judgments appealed from are affirmed. All costs to be borne by appellant.
AFFIRMED.