422 So.2d 1285 (1982)
Delores TRASK, Individually and on Behalf of Her Minor Daughter, Nadine LeBLANC
v.
NEW ORLEANS PUBLIC SERVICE, INC.
No. 13206.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1982.
Rehearing Denied December 21, 1982.
*1286 James Maher, III, New Orleans Public Service, Inc., New Orleans, for defendant.
Law Office of Bendana & Carlton, Orlando G. Bendana, Wayne H. Carlton, Jr., New Orleans, for plaintiffs.
Before REDMANN, GULOTTA and SCHOTT, JJ.
GULOTTA, Judge.
Defendant appeals from a judgment in the sum of $2,311.00 for a foot injury sustained by Nadine LeBlanc when she fell from a NOPSI bus. Liability only is at issue.
On October 29, 1979, the then thirteen-year-old Nadine fell while alighting through the rear door of the bus. Plaintiff's version of the accident, as related by Nadine and a school friend, was that Nadine slipped and fell on a "Dorito" bag on the last step of the bus after which the vehicle ran over Nadine's foot while she was on the ground.
NOPSI contends, in this appeal, that plaintiff failed to establish the bus operator either knew or should have known the Dorito bag was on the step; that Nadine was contributorily negligent for failing to see the bag; and that inconsistencies between Nadine's deposition, statements to the investigating officer and her testimony, as well as the eyewitness' prior contradictory statements, cast doubt on the credibility of Nadine's version of the accident.[1]
The trial judge concluded in written reasons that defendant had failed to overcome the presumption of negligence because of a failure to inspect the condition of the bus "when he `began his run from the barn'." He apparently concluded also that Nadine had slipped on the Dorito bag while leaving the bus.
At the outset, despite the evidentiary inconsistencies, we cannot say the trial judge erred in accepting the credibility of plaintiff's version of the accident. Apparently the trial judge placed little or no significance on the complained of discrepancies and we do not disturb his conclusions.
The more serious question is whether the bus operator failed to make the proper inspection and should have known the Dorito bag was on the rear step. Also of serious concern is the question of Nadine's contributory negligence.
Regarding the bus driver's duty, the rule is well settled that a public carrier is required to use the highest degree of care,[2] and the mere showing of injury to a fare paying passenger establishes a prima facie case of negligence imposing the burden on the carrier of overcoming the presumption of negligence.[3] However, a bus driver is not required to make a continuous inspection of every part of the vehicle, and *1287 cannot be charged with the violation of his duty where a reasonable inspection has been made and the foreign object was on the last step of the rear exit of the bus. See Hurst v. New Orleans Public Service, Inc., 235 So.2d 103 (La.App. 4th Cir.1970).
Applying these rules to the facts of our case, we conclude the driver did not violate his high standard of care by his failure to see the Dorito bag. His uncontradicted testimony was that before leaving the barn on the day of the accident at 3:07 p.m. he had checked the bus for debris before commencing his first run. Nadine and her friend boarded the bus within a half-hour after having been let out of school at 3:15 p.m. The bus driver stated he had started his second trip on the day of the accident at 4:23 p.m. Clearly then, the accident occurred during the first trip after the driver had made the inspection before leaving the barn. Under these circumstances, the driver met the inspection requirements in Hurst, supra. We find no violation, therefore, of the driver's duty to inspect.
However, even if the driver had violated the duty of inspection, Nadine's contributory negligence is apparent because of her failure to see the Dorito bag on the step. In this connection, her friend, who had preceded Nadine from the bus, testified that she had no problem in seeing the "yellow and red" bag. We conclude, therefore, that plaintiff's entitlement to recovery does not result from Nadine's actions or those of the bus driver before Nadine left the bus.
Although we find no breach of the driver's duty to inspect the bus for debris in this case, the evidence does support a finding of liability based on his failure to see plaintiff after her fall.
Nadine testified that the wheel of the bus "ran over" her foot after she slipped. Her statement in this regard was corroborated by her companion's testimony that the bus moved back and rolled over Nadine's foot after they alighted. Plaintiff's treating physician was of the opinion that, even though plaintiff suffered no broken bones, her moderate to moderately severe soft tissue injury was consistent with the mechanism of a rubber tire having struck her foot. This witness testified that the tire "could have gone against her foot rather than over it."
Public carriers, while not insurers of their passengers, are required to exercise the highest degree of care to transport the passengers safely to destination. Matte v. Continental Trailways, Inc., 278 So.2d 60 (La.1973); Schenker v. Randle, 209 So.2d 327 (La.App. 4th Cir.1968). In light of the evidence we are led to conclude that the bus driver violated his high duty of care by failing to observe Nadine through the side-view mirror, after she had fallen from the bus and was on the ground in a position of danger from the moving bus.[4]
Having so concluded we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] According to defendant, Nadine stated in deposition that she was the first person to exit, but testified at the trial that her two friends had preceded her off the bus. Defendant points out also that plaintiff's eyewitness friend testified that the rear wheel of the bus rolled backward over Nadine's foot, contradicting her earlier statement. Defendant also points out that plaintiff's version of slipping on the step conflicts with the investigating police officer's testimony that the witness and Nadine both had told him that Nadine had slipped on the curb.
[2] See Skidmore v. New Orleans Public Service, Inc., 311 So.2d 511 (La.App. 4th Cir.1975; Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963).
[3] See Galland v. New Orleans, Public Service, Inc., 377 So.2d 84 (La.1979).
[4] The bus driver was unaware of the accident and injury until a supervisor stopped and notified him several blocks from the scene.