369 So.2d 733 (1979)
Sandra CAMPBELL
v.
NEW ORLEANS PUBLIC SERVICE, INC.
No. 9911.
Court of Appeal of Louisiana, Fourth Circuit.
March 15, 1979.
*734 Roy A. Raspanti, New Orleans, for plaintiff-appellee.
James Maher, III, New Orleans, for defendant-appellant.
Before REDMANN, LEMMON, and GARRISON, JJ.
GARRISON, Judge.
This appeal arises out of a lawsuit by Sandra Campbell against New Orleans Public Service, Inc. for injuries received when she fell while riding as a passenger on one of defendant's buses. From a judgment in favor of plaintiff awarding damages in the amount of $3,572.50 plus interest and court costs, defendant has appealed solely on the issue of liability.
The record reflects that plaintiff was standing in the aisle of the bus preparing to get off at the next stop, and that she was knocked to the floor when Wanda O'Neal, the passenger standing behind her, fell into her. The trial judge concluded that the plaintiff was injured as the result of the improper operation of the bus. Defendant-appellant contends that Ms. O'Neal's conduct in failing to hold onto the handrails on the bus was the sole and proximate cause of *735 the accident, or, in the alternative, that it was an intervening and superseding cause which absolves defendant from liability.
The evidence indicates that the bus was going around a barricade in the street when the two women fell. However, the testimony is contradictory. Ms. Campbell and Ms. O'Neal testified that the bus was moving at a normal or faster-than-normal speed as it passed the barricade. Ms. O'Neal stated that the bus was rocking because the street was bumpy. She admitted that she was not holding onto the handrail. Two other passengers, Sandra Searcy and Sharon Tibbs, testified variously that the bus was either going very slow or had come to a complete stop when the women fell. The testimony of the four women was conflicting in other areas, such as where Ms. Campbell and Ms. O'Neal were sitting and how long they had been standing when they fell. The bus driver, Raymond Coster, testified that he had just passed the barricade in the street when he heard a passenger call out, "A lady fell, stop the bus." He further testified that the bus was going "extremely slow."
Although a public carrier is not an insurer of its passengers' safety, it is required to exercise the highest degree of vigilance, care and precaution for the safety of its passengers and is liable for the slightest negligence which causes or contributes to an injury. Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963); Duplessis v. New Orleans Public Service, Inc., 354 So.2d 768 (La.App. 4th Cir. 1978); Orr v. New Orleans Public Service, Inc., 349 So.2d 417 (La.App. 4th Cir. 1977); Campo v. George, 347 So.2d 324 (La.App. 4th Cir. 1977). The mere showing of injury to a fare-paying passenger on a public conveyance and his failure to reach his destination safely establishes a prima facie case of negligence and imposes the burden on the carrier of convincingly overcoming such case. Wise v. Prescott, supra; Duplessis v. New Orleans Public Service, Inc., supra; Campo v. George, supra. To escape liability, the carrier must convincingly overcome the prima facie showing by evidence that it was free from fault. King v. King, 253 La. 270, 217 So.2d 395 (1968). "Any negligence, however slight, subjects the carrier to liability to a passenger, even assuming that the concurring negligence of a third-party contributed primarily to the accident." Young v. Fryoux, 222 So.2d 638 (La.App. 4th Cir. 1969).
Appellant's contention that Ms. O'Neal's failure to hold the handrail was an intervening and superseding cause is weak. The trial court made no finding of fault on her part. Even had it done so, appellant would not have been exonerated from liability.
"`Where the negligent conduct of the actor creates or increases the foreseeable risk of harm through the intervention of another force, and is a substantial factor in causing the harm, such intervention is not a superseding cause.'" Restatement (Second) of Torts (1965) § 442A, quoted in Titard v. Lumbermen's Mutual Casualty Company, 282 So.2d 474 (La.1973).
See also, McCormick v. Firestone Tire & Rubber Co., 328 So.2d 911 (La.App. 4th Cir. 1976), writ refused La., 332 So.2d 862; Waggenspack v. New Orleans Public Service, Inc., 297 So.2d 733 (La.App. 4th Cir. 1974), writ refused La., 302 So.2d 15; Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962).
Causation is a question to be determined by the trier of fact. It is well-settled that in making factual conclusions based on witness credibility, as in this case, the findings of the trier of fact will not be disturbed on appeal except on a showing of manifest error.
"When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review *736 . . . ." Canter v. Koehring Company, 283 So.2d 716 at 724 (La.1973); see also, Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
We find no manifest error in the conclusions of the lower court. Accordingly, the decision of the trial court is affirmed.
AFFIRMED.