311 So.2d 511 (1975)
Faustina Skidmore, wife of and Junius SKIDMORE
v.
NEW ORLEANS PUBLIC SERVICE, INC.
No. 6748.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1975.
George M. Strickler, Jr., New Orleans, for plaintiffs-appellees.
Gordon F. Wilson, Jr., New Orleans, for defendant-appellant.
*512 Before GULOTTA, MORIAL and BEER, JJ.
GULOTTA, Judge.
Plaintiffs, Mr. and Mrs. Junius Skidmore, brought suit as a result of an injury that Mrs. Skidmore sustained while disembarking from the front door of a New Orleans Public Service bus on September 5, 1973, at the intersection of Canal and Bourbon Streets. The trial judge awarded judgment in favor of plaintiff Mrs. Skidmore in the sum of $2,500.00 and in favor of her husband in the sum of $79.00. Defendant appeals. We affirm.
Plaintiffs claim that Mrs. Skidmore was descending from the steps of the bus when her foot slipped on a foreign object on the second step which "rolled from under" her foot, causing her to fall from the steps onto the curb.
On appeal, defendant concedes that the trial judge did not err in the amount of the award but claims that the trial judge erroneously rendered a judgment in favor of plaintiffs on the question of liability. It is defendant's contention that for plaintiffs to recover as a result of a fall on a common carrier, they must first prove that the fall was caused either by the negligent operation of the vehicle of carriage, or by some defect in the vehicle or by the presence of some foreign object on the floor which the driver knew of, or should have known of, and failed to remove.
It is defendant's position that the presumption of fault on the part of a common carrier applies only to injuries caused by operation of the carrier or some defect in the structure of the carrier. According to defendant, the presumption of fault has no application if the injury is caused by the presence of a foreign object. Defendant relies on Hurst v. New Orleans Public Service, Inc., 235 So.2d 103 (La.App., 4th Cir. 1970) and the cases cited therein. In Hurst the court stated:
"* * * In the foreign substance cases it is incumbent upon the plaintiff to show the substance was placed there by an employee of the carrier or that the carrier through its employees knew, or by the exercise of proper care and diligence should have known, of the presence of such foreign substance and failed to remove it. * * *"
Defendant's position is that plaintiffs failed to prove that the bus driver either knew or had reason to know that a foreign object was on the steps. Defendant further points out that no one saw or found a foreign object.
It is plaintiffs' contention that the Hurst case is distinguishable on its facts from the instant case. Plaintiffs correctly point out that in Hurst the passenger disembarked from the rear door of the bus and the steps of the rear door were not in view of the bus driver. In the instant case, according to the testimony of the driver, the front steps were in his constant view. Plaintiffs claim our bus driver was negligent in failing to see that which he should have seen, the presence of the foreign object.
The driver in our case testified that he inspected the bus before commencing his run and that he saw nothing that would cause someone to fall on the steps. According to his testimony, this was the first run of the day, the weather was good and the street surface was dry. He further stated the steps were visible from his seat and he saw no foreign objects on the steps. However, the driver indicated that he was not looking for any foreign objects on the steps but was looking to see if the door was clear of passengers before he closed it. Admittedly according to the driver, a foreign object could have been on the steps and not seen by him.
The driver did not see Mrs. Skidmore fall. After the fall, an inspection of the steps by him revealed no foreign objects or *513 defects. No foreign object was seen or found.
Mrs. Skidmore testified she was looking at the steps when she stepped down but did not see any foreign object. She stated that she slipped as she descended when she felt something stick under her foot. Mrs. Skidmore indicated, in another part of her testimony, that she felt something roll "under her foot," causing her to slip and fall from the second or lower of two steps of the bus. She denied she had any packages or an umbrella in her hand which caused the fall. The driver testified earlier that he saw a handbag and umbrella in Mrs. Skidmore's hands and that she stated to him that the umbrella could have caused the fall.
A claims representative employed by NOPSI related that he did not see any foreign object when he examined the steps of the bus after the accident. He further testified that the buses are swept and vacuumed at night to remove any possible foreign objects.
It is well settled that a public carrier, while not an insurer, is required to use the highest degree of care for the safety of its passengers and is liable for the slightest negligence. See Gross v. Teche Lines, 207 La. 354, 21 So.2d 378 (1945); see also Mire v. Lafourche Parish School Board, 62 So.2d 541 (La.App., 1st Cir. 1952).
In the instant case, the testimony of the bus driver indicates that he violated the high degree of care required when he failed to look for the presence of foreign objects on the steps when this area of the bus was clearly in his view.
Plaintiffs have successfully carried their burden of proof on the liability question. As pointed out herein above, quantum is not an issue in this case. Accordingly, the judgment is affirmed.
Affirmed.
MORIAL, J., concurs with written reasons.
BEER, J., dissents with written reasons.
MORIAL, Judge (concurring).
The mere showing of injury of a fare-paying passenger on a public carrier and his failure to reach his destination safely establishes a prima facie case of negligence. The burden is upon the carrier to exculpate itself of negligence. Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963). Defendant has failed to do so.
BEER, Judge (dissenting).
I respectfully dissent. The majority acknowledges that no foreign object was ever seen by anyone or found by anyone. The majority further acknowledges that the plaintiff, Mrs. Skidmore, was looking at the steps when she stepped down and saw no foreign object (emphasis mine). I do not agree that plaintiff has carried the burden of proof required to show that there was any foreign object involved and thus I find no basis for the observation that the bus driver violated the high degree of care required because he failed to look for the presence of foreign objects.
If Mrs. Skidmore was looking at the very step involvedat the moment of the incidentand saw no foreign object then how, I wonder, could the bus driver be required to have seen it.
The record shows the following:
"Q. You never did see any object on the steps before or during or after your fall, did you?
A. No, I didn't feel nothing; I didn't see nothing.
Q. Were you looking at the steps before you placed your foot, your left foot on the steps? *514 A. Yes.
Q. So you were looking at the steps as you were going down the steps; is that right?
A. Yes.
Q. And you were looking at the steps as you placed your foot on the steps; is that right?
A. Yes.
* * * * * *
Q. But you never did see that object, did you?
A. I didn't see."
In my opinion the record does not support a finding that a foreign object was involved. I would reverse the judgment and dismiss the plaintiffs' claim.