BOUTALL, Judge.
This is an appeal from a lower court judgment awarding the plaintiff $2,339.58 damages incurred as a consequence of plaintiff’s fall on a Public Service bus.
On November 8, 1974, at approximately 10:30 A.M., plaintiff Lillie Mae Jackson boarded a New Orleans Public Service, Inc. bus as a fare paying passenger. As the plaintiff proceeded past the driver in order to locate a seat, the bus moved forward, causing the plaintiff to slip and fall on the wet floor of the bus. The plaintiff suffered injuries to her right back, right greater trochanter area, and right knee area. The plaintiff received treatment over a two-month period following the accident, and she responded to the treatment without residual disability. The trial court awarded her judgment and we agree. The extent of injury is not contested, only the issue of liability.
Both parties urge to us that the principles stated in the case of Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963) are controlling here. They quote to us the following at 151 So.2d 359:
“The mere showing of injury to a fare-paying passenger on a public conveyance and his failure to reach his destination safely establishes a prima facie case of negligence and imposes the burden on the carrier of convincingly overcoming such case. Adams v. Great American Indemnity Company, La.App., 116 So.2d 307; Johnson v. Continental Southern Lines, Inc., La.App., 113 So.2d 114, 74 A.L.R.2d 1328; Coleman v. Continental Southern Lines, Inc., La.App., 107 So.2d 69; Peters v. City of Monroe, La.App., 91 So.2d 428.
“A public carrier of passengers while not an insurer is required to exercise the highest degree of vigilance, care and precaution for the safety of those it undertakes to transport and is liable for the slightest negligence. Gross v. Teche Lines, Inc., 207 La. 354, 21 So.2d 378. The carrier must do all that human sagacity and foresight can do under the circumstances, in view of the character and mode of conveyance adopted, to prevent injury to passengers, the carrier being held liable for the slightest negligence with reference to the exercise of such care. Mire v. Lafourche Parish School Board, La., 62 So.2d 541.”
Our examination of the testimony offered by plaintiff discloses the following.
The plaintiff, Lillie Mae Jackson testified to the following facts. Prior to boarding the bus she was aware that it had been raining outside for a considerable amount of time. As she boarded the bus, she noticed that the steps were wet, even though it had stopped raining at the time of her boarding. She then paid her fare with her right hand, and at the same time held on to her purse with her left hand. Immediately after paying her fare with a transfer, she turned to go to a seat. At that moment, the bus lurched forward in a jerky motion, causing her to fall onto the floor and land on her knees. There was no rail handle readily accessible to the plaintiff at the point where she fell and the floor of the aisle was wet.
Sandra Marie Favaroth testified that she too was a fare-paying passenger on the bus and that she had boarded the bus right behind the plaintiff. Her testimony corroborated that of the plaintiff to the effect that the bus floor was wet even though the rain had stopped. Ms. Favaroth stated that the bus jerked forward and that she prevented her own fall by grasping the coin box attached to the floor at the beginning of the aisle.
We conclude that the above, together with evidence of the injury, established a prima facie case of negligence and imposed the burden on the carrier of convincingly overcoming such case as required in Wise v. Prescott, supra.
The bus driver, Frederick L. Miller, testified that it had been raining prior to the accident and that he had noticed that the major part of the bus aisle was damp as a result of passengers dripping rain onto the *260 floor after boarding. The driver testified that he did pull away from the curb while the plaintiff was moving toward a seat, but in so doing there was not a sudden acceleration or jerk.
Two other passengers testified as to the events that are the subject of this litigation, but their testimony was disregarded by the trial judge because one person’s testimony was conflicting and the other could not recall the events with any certainty.
Under these circumstances, it is necessary for us under the law only to ascertain whether the defendant has sustained the burden of convincingly overcoming the pri-ma facie case of negligence against it. We hold that it has not. The trial judge did not disbelieve the testimony of plaintiff and her witness, and instead ruled that he could not resolve the conflict between their testimony and that of the bus driver. The principle announced in Wise v. Prescott requires a finding in favor of plaintiff in such a situation.
There is no issue as to the extent of injury and quantum, and accordingly, we affirm the judgment appealed from.
AFFIRMED.
BEER, J., dissents.