SCHOTT, Judge.
Defendant has appealed from a judgment awarding damages to plaintiff for injuries she sustained when she fell down on one of defendant’s buses.
Plaintiff, who was 59 years of age and in no way handicapped, boarded the bus to go to work as she had done for 27 years. After paying her fare and walking to a point about half way to the back of the bus she fell down. In her petition she alleged that the driver started off suddenly and with a jerk and she testified to that effect. However, two passengers, one of whom was her own witness, and the bus driver testified that the bus started out slowly and without any jerk. It had been raining and the floor of the bus was wet.
In his reasons for judgment, the trial judge found that the driver did not start off with a jerk or in a sudden manner and plaintiff’s fall was caused solely by the wet floor. In questioning of the bus driver, he learned that the driver was not required to sweep or mop up a wet floor, so he concluded that the driver himself was not negligent but defendant was negligent in failing to provide dry floors to its customers. He expressly acknowledged in his reasons that if defendant does not have the legal duty of providing dry floors, the judgment is erroneous. He felt that defendant should have the floors of its buses mopped down every twelve or twenty-four blocks under rainy conditions.
When plaintiff proved that she was a fare paying passenger and was injured she established a prima facie case of negligence against defendant and imposed the burden on it to exculpate itself. It was incumbent upon defendant to prove that it exercised the highest degree of diligence, care and precaution for the safety of the fare paying passengers. If guilty of the slightest degree of negligence defendant is liable to plaintiff. Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963). Plaintiff’s case has been and is now based on the proposition that the bus driver jerked away from the stop so as to come within the holding of Jackson v. New Orleans Public Service, Inc., 342 So.2d 258 (La.App. 4th Cir. 1977). See also, Skidmore v. New Orleans Public Service, Inc., 311 So.2d 511 (La.App. 4th Cir. 1975). However, in the instant case defendant proved to the satisfaction of the trial judge that there was no sudden start or jerk of the bus causing plaintiff’s fall. Therefore, defendant carried the burden of proof as to the only real charge of negligence made against it. The case is the same as Penny v. New Orleans Public Service, Inc., 328 So.2d 729 (La.App. 4th Cir. 1976) and Johnson v. New Orleans Public Service, Inc., 293 So.2d 203 (La.App. 4th Cir. 1974).
In order to grant plaintiff recovery the trial judge imposed a duty on defendant to keep the floors of buses dry at *12 all times or suffer the consequences should a passenger fall on a wet floor. We note that this is not a case where the wet floor was unusually slippery because of its condition or because of some foreign substance on the floor. Plaintiff has cited no jurisprudence to support the trial judge’s decision and we are not aware of any. On the other hand, to hold defendant liable under these circumstances would be to make defendant the insurer of the safety of its customers, a result not supported by the jurisprudence.
The judgment appealed from is reversed and set aside, and there is judgment in favor of defendant, New Orleans Public Service, Inc., and against plaintiff, Octavia Ellizey, dismissing her suit at her cost, including the cost of this appeal.
REVERSED AND RENDERED.