434 So.2d 130 (1983)
Mary DeCLOUET
v.
NEW ORLEANS PUBLIC SERVICE INC.
No. CA-0089.
Court of Appeal of Louisiana, Fourth Circuit.
March 4, 1983.
Rehearing Denied July 26, 1983.
*131 James Maher, III, New Orleans Public Service, Inc., New Orleans, for appellant.
Darleen M. Jacobs (A Professional Law Corp.), New Orleans, for appellee.
Before GULOTTA, BARRY, BYRNES and WARD, JJ., and SWIFT, J. Pro Tem.
BYRNES, Judge.
New Orleans Public Service, Inc. (NOPSI) appeals from a judgment for personal injuries sustained by plaintiff when she slipped and fell on a NOPSI bus. Plaintiff was awarded damages in the amount of two thousand one hundred and thirty dollars ($2,130.00) Liability only is at issue.
According to Mary DeClouet, on the rainy afternoon of May 13, 1979, she fell in a puddle of water in the aisle of the bus as she walked toward a seat. Plaintiff claims the puddle was approximately eight inches in diameter. The only other passenger on the bus did not testify.
NOPSI contends in this appeal the evidence did not establish that there were puddles of water requiring mopping or that the floor was unusually wet requiring a warning to the passengers. Furthermore, NOPSI claims plaintiff's recovery is barred by contributory negligence.
The trial judge stated in written reasons "... the evidence is clear that there was water in the aisle of the bus from the front door to an area beyond the third seat of the bus." He then concluded the bus driver had a duty to remove the water or warn his passengers of the potential hazard and failed to do so.
Well settled is the rule that a common carrier is not an insurer of the safety of its fare-paying passengers. Nonetheless, the carrier is required to exercise the highest degree of care, and the showing of injury to a fare-paying passenger establishes a prima facie case of negligence imposing the burden on the carrier to exculpate itself.[1]
On the day of the accident, it had been raining. Plaintiff and her daughter testified there were puddles of water on the bus floor. The bus driver stated that he had inspected the bus at the end of the run before plaintiff's accident, and had observed that the rubberized, grooved floor was not unusually wet. Further a NOPSI chief supervisor claimed immediately after the accident he had not observed any "abnormal" wetness on the floor. Both the bus driver and the supervisor testified the bus windows were shut and attributed the wetness to passengers' tracking and dripping water on the floor on a rainy day.
The trial judge did not specifically find, in his written reasons, that there were indeed puddles on the bus floor. He did conclude, however, that there existed such an accumulation of water (if not puddles) to require the bus floor be mopped or the passengers be warned. We cannot say, based on credibility, the trial judge erred.
*132 NOPSI further contends that plaintiff is barred from recovery because of her contributory negligence in that she should have known the bus floor was wet and therefore should have held on to the rail provided. We disagree. In Sanders v. New Orleans Public Service Inc., 422 So.2d 232 (La.App. 4th Cir.1972) a similar circumstance presented itself. In Sanders, the plaintiff was injured when the bus in which she was riding made a sudden and jerking stop causing plaintiff to fall. The bus had been making these jerky stops for three or four stops prior to plaintiff's own stop. Plaintiff arose from her seat and made her way to the front of the bus to disembark before the bus came to a complete stop. The trial judge held, with this court affirming, that plaintiff was not contributorily negligent in leaving her seat before the bus had come to a complete stop. In determining whether or not plaintiff was contributorily negligent the court stated:
"Contributory negligence is objectively determined under the reasonable man standard. McInnis v. Fireman's Fund Insurance Co., 322 So.2d 155 (La.1975). The victim is required only to use reasonable precautions, and his conduct in this regard is not negligent if, by the common-sense test, the conduct is in accord with that of reasonably prudent persons faced with similar conditions and circumstances. Dupas v. City of New Orleans, 354 So.2d 1311 (La.1978)."
NOPSI would have this court believe that plaintiff was contributorily negligent because she chose a seat in the rear of the bus, causing her to walk through the water in the aisle. To put such restrictive standards on the behavior of this plaintiff would in effect severely erode the past jurisprudence pertaining to common carrier liability. Under the approach ennunciated by this court in Sanders, we do not accept NOPSI contention that this fifty-eight year old plaintiff in any way contributed to this accident.
The judgment appealed from is hereby affirmed. All costs of this appeal are to be borne by the appellant.
AFFIRMED.
BARRY, J., concurs.
GULOTTA, J., and G. WILLIAM SWIFT, Jr., J. Pro Tem., dissent.
BARRY, Judge, concurring.
Even though a common carrier is not the insurer of its fare-paying passengers' safety, the majority's reasoning borders on that standard.
Obviously, the bus company cannot employ a work force to mop its vehicles during and after New Orleans' frequent rains. The Trial Judge made a factual determination that the bus driver should have warned the plaintiff (and apparently all passengers) of the alleged slippery floor. In my opinion, failure to adhere to this extreme standard of care exceeds Article 2317 liability and approaches absolute liability.
However, based upon the stringent obligations placed on a public carrier, Galland v. New Orleans Public Service, Inc., 377 So.2d 84 (La.1979), and the apparent lack of manifest error in the Trial Judge's factual conclusion, I reluctantly concur.
GULOTTA, Judge, dissenting.
I respectfully dissent.
I find no error in the trial judge's conclusion that there was an accumulation of water on the bus floor. Even assuming plaintiff slipped on a large puddle of water on the floor, however, I am of the opinion that her recovery is barred by contributory negligence.
Plaintiff testified she had been waiting for the bus in the rain. Even without a warning by the driver, she should have known of the possibility of a wet floor created by other passengers' "tracking" water in the aisle from the inclement weather. Moreover, as she made her way to the back of the bus, she did not hold on to anything for stability and only "grabbed" for support after she had begun to fall. Accordingly, she was contributorily negligent in failing to see the water and to use the handrails and stanchions provided *133 on the bus for her safety as she walked down the aisle.
Sanders v. New Orleans Public Service, Inc., 422 So. 232 (La.App. 4th Cir.1982), relied on by the majority, is distinguishable from our case. The plaintiff in Sanders, after leaving her seat to exit, grasped a pole behind her and braced her feet in preparation for the stop of the bus. She sustained injury when the bus came to a "jerky" stop, causing her to fall despite her reasonable precautions. On the other hand, in our case, there is no showing that the bus driver's operation of the vehicle caused Mrs. DeClouet to fall. Rather, she contributed to her own injury by failing to see the water and to use the safety devices provided to prevent this kind of accident. Ours is not a case where plaintiff was carrying packages or was aged and infirm, or where a crowded bus with standing passengers prevented her from seeing the water.
I would reverse the trial court's judgment.
G. WILLIAM SWIFT, Jr., Judge Pro Tem., dissenting.
I dissent for the reasons assigned by Gulotta, J.
NOTES
[1] See Carter v. New Orleans Public Service, Inc., 305 So.2d 481 (La.1975); Wise v. Prescott, 244 La. 157, 151 So.2d 356 (La.1963); Trask v. New Orleans Public Service Inc., 422 So.2d 1285 (La.App. 4th Cir. 1982); Skidmore v. New Orleans Public Service Inc., 311 So.2d 511 (La. App. 4th Cir.1975); Schenker v. Randle, 209 So.2d 327 (La.App. 4th Cir. 1968).