448 So.2d 176 (1984)
Winnie Louise CASBORN
v.
NEW ORLEANS PUBLIC SERVICE INC. et al.
No. CA-1135.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1984.
Dissenting Opinion March 16, 1984.
Rehearing Denied April 25, 1984.
Writ Denied June 8, 1984.
*177 Daniel Frazier, Jr., Marrero, for plaintiff.
Floyd F. Greene, New Orleans, for defendant.
Before REDMANN, C.J., and BARRY and WILLIAMS, JJ.
REDMANN, Chief Judge.
Plaintiff was injured when she fell on a rainy day on the wet floor of a public bus she had just boarded, before the bus began to move. She now appeals from the dismissal on the merits of her damage suit against the bus company. We affirm.
Although plaintiff testified she was "quite certain" that a sudden start by the bus caused her fall, the trial judge found that the bus had not started forward before plaintiff fell. Accepting the trial judge's reasonable credibility evaluation, we find that the testimony evidently deemed credible by him supports his conclusion.
The trial judge also excluded any possibility that wetness of the bus floor might make the bus company liable, reasoning "Ellizey v. New Orleans Public Service, Inc., 365 So.2d 10 (La.App. 4 Cir.1978), held that tracked water on a bus floor does not violate even the highest degree of care owed a passenger by a common carrier."
The record establishes that the day of the accident was rainy and the bus floor was wet, as from passengers' coming in from the rain (although it may not have been raining at the very time that plaintiff boarded the bus). The record also fairly establishes that there was nothing else on the floor, and no irregularity in the floor itself, that might have contributed to plaintiff's fall. The floor is made of grooved, rubbery material to make it skid-resistant. *178 Plaintiff's shoe soles were also of rubber material.
Thus the record supports the trial judge's evident factual conclusion that nothing on defendant's part contributed to plaintiff's fall, unless the wet condition of the bus floor did so; and Ellizey supports his legal conclusion that the mere presence of, or failure to warn of, water tracked and dripped onto a bus floor by passengers on a rainy day is not a breach of the bus company's duty towards its other passengers.
But, after the trial court's judgment, DeClouet v. New Orleans Pub. Serv. Inc., 434 So.2d 130 (La.App. 4 Cir.1983), writ refused 440 So.2d 757, without discussing Ellizey, affirmed a judgment for a passenger who claimed injury from a fall on a rainy day in a "puddle of water ... eight inches in diameter" on the "rubberized, grooved floor" of a bus, 434 So.2d at 131. DeClouet affirmed on the basis of the trial judge's reasoning "that there existed such an accumulation of water (if not puddles) to require the bus floor be mopped or the passengers be warned. We cannot say, based on credibility, the trial judge erred." Id. at 131.
DeClouet also rejected the argument that the passenger "should have known the bus floor was wet and therefore should have held on to the rail provided." Id. at 132.
Thus DeClouet affirmed, while Ellizey had reversed, liability for failure to mop or warn. We find no factual difference to distinguish DeClouet from Ellizey (where the trial judge also "felt that defendant should have the floors of its buses mopped down every twelve or twenty-four blocks under rainy conditions," 365 So.2d at 11, and "the wet floor was [not] unusually slippery because of its condition or because of some foreign substance on the floor," id. at 12). The essential factual situation in both cases is that there is some water in an amount that the trial judge deems enough to require mopping or warning. DeClouet should have either followed Ellizey or (after submission to the court en banc under our internal rule) overruled it. This panel therefore now deems the court obliged to overrule either DeClouet or Ellizey. We conclude Ellizey was correctly decided. DeClouet is overruled by the court en banc.[1]
As a practical matter public buses cannot avoid water on their floors in rainy weather. They cannot close their doors from the time rain begins until the streets are dry again. Nor is mopping a practical suggestion. Mopping at the end of a run, as the plaintiff in DeClouet apparently argued or every 12 or 24 blocks as plaintiff in Ellizey argued, or any other alternative less than mopping after each wet passenger entersdoes not prevent the sopping shoes or dripping umbrella of the very next passenger from leaving water on the floor for the second-next passenger (whose own shoes are probably already wet anyway, so that even a dry floormuch less a mopped onewould not assure the second-next passenger's not falling). To impose a duty to mop so as to protect all passengers would require a mopper to follow each individual passenger to the seat, mopping each footstep and umbrella-drip, while other patrons waited outside to board the bus one by one. The law does not and as a practical matter could not impose such a duty.
Also as a practical matter, the reasonable person boarding a city bus on a rainy day already has a warning, from the rainy weather itself, that the bus floor will be wet. Thus the failure of a bus driver to warn of a merely wet floor is not a cause of a reasonable passenger's fall, for the reasonable passenger already knows of the wet floor.
The law does not today make the common carrier absolutely liable for its passengers' accidental injuries. The basis of liability for another's injury is breach of some duty owed to the injured person. In *179 ordinary tort cases, the injured person bears the burden of proving the breach of some general duty, of proving "fault" within La.C.C. 2315. In common carrier cases, the carrier's duty to provide a safe passage gives the injured party a significant procedural advantage in that the injury itself suggests breach of the carrier's duty to provide safe passage, the carrier therefore bears the burden of proof that the injury was not a result of the carrier's breach, and in the absence of evidence of the cause of the injury the carrier is liable; Galland v. New Orleans Pub. Serv. Inc., 377 So.2d 84 (La.1979). But the proof in this case is that our plaintiff's fall and injury can only have been contributed to by defendant, if at all, by the condition of the bus floor, and that condition was no worse than expectable on a rainy day from other passengers' tracking and dripping rain water onto the floor. Thus defendant proved that plaintiff was not injured because of a breach by defendant of its duty as a common carrier.
Affirmed.
BARRY, J., dissenting with opinion.
Court en banc on an overruling, with GULOTTA, J., concurring with written reasons and BARRY, BYRNES and WARD, JJ., dissenting.
GULOTTA, Judge, concurring.
I concur.
Although I am of the opinion that DeClouet and Ellizey can be factually distinguished (because of the apparent difference in the amount of water on the floor in the two cases), I feel, as stated in my dissent in DeClouet, the result was wrong. Accordingly, I concur with the majority overruling the DeClouet case.
BARRY, Judge, dissenting.
The net effect of the majority's strained reasoning is to exonerate a common carrier from liability for any amount of water on the floor which causes injury.
Ellizey simply held that the presence of water on a bus floor does not violate a carrier's highest duty of care.
However, the trial judge in DeClouet (writs denied) found there was a sufficient accumulation of water to require its removal or at least a warning of the potential danger. Importantly, Ellizey noted "... that this is not a case where the wet floor was unusually slippery...." DeClouet involved a "sufficient accumulation" of water and is obviously factually distinguishable from Ellizey. The majority here ignores the judge's fact call in DeClouet.
Not every passenger is pre-occupied with the weather. Nor is every grocery store patron on the alert for spillage on store floorsyet the store owner has a matter of minutes to find the spill and clean it.
If a common carrier had some responsibility for the condition of its floors, it has been effectively eliminated by the majority.
NOTES
[1] In accordance with our internal rule the question of overruling DeClouet or Ellizey has been submitted to the entire court, which overrules DeClouet, with Gulotta, J., concurring with written reasons and Barry, Byrnes and Ward, JJ., dissenting.