479 So.2d 36 (1985)
Billy H. GILL
v.
John DOE and New Orleans Public Service Inc.
Jo Ann CLARK, etc.
v.
John DOE, Robert Doe and New Orleans Public Service, Inc.
Nos. CA3366, CA3367.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1985.
*37 Edward P. Comeaux, Anna M. Washburn, New Orleans, for plaintiff-appellant.
Before KLEES, WARD and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal from a decision of the trial court finding defendants New Orleans Public Service, Inc. ["NOPSI"] and Ernest Dufrene not liable for injuries received by Raquel Clark, minor daughter of plaintiff Jo Ann Clark.
The accident that forms the basis of this lawsuit occurred on May 7, 1982. A NOPSI-operated bus had just picked up three or four passengers and was proceeding away from the bus stop when it was struck in the rear by a car. Defendant Dufrene, the bus driver, left the bus and asked the driver of the car to stay at the scene while he called his dispatcher. The driver of the car drove away while Dufrene was on the telephone and was never identified. The accident occurred on a four lane divided road. There was no parking lane at the stop into which the driver could have pulled over out of traffic for the loading and unloading of passengers. Dufrene testified that he was in the right lane of traffic at all times and did not have to merge into traffic after taking on passengers at the stop. Dufrene checked his mirrors once or twice before accelerating and saw no traffic behind him. Witnesses for the plaintiff, who were passengers on the bus at the time of the accident, claimed that the bus had angled back into traffic when it was hit. Plaintiff's daughter also testified that the driver's slamming on the brakes after impact caused her back injury. Dufrene testified that he did not have to angle into traffic and did not slam on the brakes. He stated that although it was raining he had not turned on the bus's headlights, but that the windshield wipers were on.
Plaintiff Clark filed suit against NOPSI, Dufrene, and the unknown driver of the car on behalf of her daughter Raquel. Billy H. Gill also filed suit, and the cases were consolidated for trial. Billy Gill, plaintiff in the consolidated case arising from the accident, did not appeal. The trial judge ruled that plaintiffs had failed to prove that Dufrene was negligent and dismissed the suits. It is from this ruling that plaintiff Clark now appeals.
Plaintiff Clark argues that the trial court applied the wrong standard in making its decision. Although a common carrier is not the insurer of the safety of its fare-paying passengers, it nevertheless is required to exercise the highest degree of care. A fare-paying passenger can establish a prima facie case of negligence simply by showing that he or she was injured. The carrier then must carry the burden of exculpating itself from negligence. DeClouet v. New Orleans Public Service, Inc., 434 So.2d 130, 131 (La. App.4th Cir.1983) overruled on other grounds Casborn v. N.O.P.S.I., 448 So.2d 176 (La.App.4th Cir.1984), and cases cited therein at n. 1.
In this case, Raquel Clark testified that her back had been injured as a result of the accident. Approximately one week after the collision, she sought medical assistance because the pain had not subsided. She was successfully treated conservatively and, at the time of trial, suffered no effect of the trauma.
In his judgment, the trial judge stated that the plaintiff had failed to prove Dufrene negligent. Once Raquel Clark made a showing of her injury, however, NOPSI had the burden of proving it was not negligent. Spears v. Aguilar, 436 So.2d 672, 674 (La.App.4th Cir.1983). Nevertheless, we find that Dufrene did not act negligently and, therefore, the trial court's decision in favor of defendants ultimately was correct. The trial court's finding that Dufrene was not negligent is supported by the record. We can find no manifest error below requiring reversal. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
For the foregoing reasons, the decision of the trial court is AFFIRMED.
AFFIRMED.