PLOTKIN, Judge.
Plaintiff, Jennie Shorts, instituted suit against defendant, New Orleans Public Service, Inc., (NOPSI), for damages received by Ms. Shorts while a passenger on a bus owned and operated by NOPSI. The trial judge awarded the plaintiff $3500 for pain and suffering and $322 for the itemized medical bills. Defendant NOPSI appeals. We reverse.
The question presented here is the liability of NOPSI for injuries caused to a fare-paying passenger who fell on a floor wet from rainwater.
On the rainy morning of September 19, 1980, as plaintiff was walking toward the front of the bus in order, to alight, she slipped and fell spraining her ankle and bruising her hip. Ms. Shorts testified that the moving bus gave a “kind of jerk” as she walked up the aisle but that the movement of the bus did not cause her to fall. Both the driver of the bus and a passenger whose statements were introduced into evidence said that the bus was stopped at the time of the accident. At trial when Ms. Shorts was asked if she noticed “anything on the floor that would cause you to slip, trip or fall_”, she replied, “No.” When asked if she noticed any puddles on the floor, she answered, “Just wet and muddy, slippery.” In his oral reasons for judgment Judge Early specifically cited DeClouet v. New Orleans Public Service, Inc., 434 So.2d 130 (La.App. 4th Cir.1983), as authority for his decision.[1] In DeClouet, a plaintiff recovered for a slip and fall because of rainwater on a bus floor. In the instant case judgment was rendered in favor of the plaintiff because “[t]he Court is convinced in its mind that the bus was wet which caused the woman to slip.”
It is a well established principle that a common carrier has the highest duty of care to a passenger and that an injury to a passenger suggests a breach of duty on the carrier’s part. Galland v. NOPSI, 377 So. 2d 84 (La.1979); Wise v. Prescott, 244 La. 157, 151 So.2d 356 (La.1963). This court has recently ruled, however, that there is no breach of duty by the defendant when the passenger’s injury was caused by the ordinary wet condition of the bus floor on a rainy day. In Casborn v. New Orleans Public Service, Inc., 448 So.2d 176 (La.App. 4th Cir.1984), writ denied 452 So.2d 174, the court en banc overruled DeClouet v. NOPSI, supra, and held:
(t)he law does not today make the common carrier absolutely liable for its passengers’ accidental injuries. The basis of liability for another’s injury is breach of some duty owed to the injured person. In ordinary tort cases, the injured person bears the burden of proving “fault” within La.C.C. 2315. In common carrier cases, the carrier’s duty to provide safe passage gives the injured party a significant procedural advantage in that the injury itself suggests breach of the carrier’s duty to provide safe passage, the carrier therefore bears the burden of proof that the injury was not a result of the carrier’s breach, and in the absence of evidence of the cause of the injury the carrier is liable.... But the proof in this case is that our plaintiffs fall and injury can only have been contributed to by defendant, if at all, by the condition of the bus floor, and that condition was no worse than expectable on a rainy day *1267 from other passengers’ tracking and dripping rain water onto the floor. Thus defendant proved that plaintiff was not injured because of a breach by defendant of its duty as a common carrier.
We find no evidence in the instant case that the driver’s operation of the bus caused Ms. Shorts to fall. The bus was a new one and there was no debris on the floor. There was no causal condition other than water from rain — a common situation in our subtropical climate. Thus, Ms. Shorts was not injured because of a breach of duty by defendant as a common carrier.
The judgment appealed from is reversed and set aside, and there is judgment in favor of defendant, NOPSI, and against plaintiff, Jennie Shorts, dismissing her suit at her cost, including the cost of this appeal.
REVERSED.

. The case was referred to as McCleut v. NOPSI.