DALEY, Judge.
| aEleanor Malone Ellis[1] appeals the trial court’s dismissal of her suit against Louisiana A-l Gaming, a Louisiana Partnership in Commendam, d/b/a/ Boomtown Belle Casino (Boomtown). Malone’s Petition alleged that on February 26, 2001, she slipped and fell upon exiting the courtesy shuttle bus that was returning her and a companion to their car in the parking lot of the Boomtown Casino complex in Harvey, Louisiana. Boomtown moved for Summary Judgment on December 13, 2004, arguing that Malone could not carry her burden of proof on a general negligence standard, that she could not show that there was a defective condition in the stairs on the bus that caused her to slip and fall, and that the stairs in question did not pose an unreasonable risk of harm. Malone responded with affidavits given by her and her companion. The trial court granted Boomtown’s Motion for Summary Judgment and dismissed Malone’s suit.
On appeal, Malone argues that the trial court applied the incorrect legal standard in granting the Summary Judgment. She also argues that Summary | a Judgment was not permissible, in that there are genuine issues of material fact in dispute.
Defendant, Boomtown, counters that the Motion for Summary Judgment was correctly granted because either plaintiff slipped because the stairs on the bus were wet, which does not constitute a breach of the duty owed by Boomtown under prevailing standards, or plaintiff slipped due to some other condition that she cannot identify, and, thus, cannot carry her burden of proving that Boomtown was negligent. Boomtown contends that plaintiff focuses her appeal on whether the trial judge applied an incorrect standard, which, Boomtown argues, is irrelevant in light of the fact that appellate courts review the grant of Summary Judgments de novo.

STANDARD OF REVIEW

Summary judgment will be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. C.C.P. art. 966(B). The party bringing the motion bears the burden of proof; however, where the moving party will not bear the burden of proof at trial, the moving party must *188 only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim. C.C.P. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to show that he will be able to meet his evidentiary burden of proof at trial, no issue of material fact exists and the moving party is entitled to summary judgment. Id. Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Pizani v. Progressive Ins. Co., 98-225 (La.App. 5 Cir. 9/16/98), 719 So.2d 1086. The decision as to the propriety of a grant of a Motion for Summary Judgment must be made with reference to the substantive law applicable to the case. Sun Belt Constructors, a Div. of MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350 (La.App. 5 Cir.1988).
Mohsan v. Roule-Graham, 05-122 (La.App. 5 Cir. 6/28/05), 907 So.2d 804.
I/The plaintiff argues that the trial court applied the wrong legal standard in rendering this Summary Judgment. Plaintiff also argues that genuine issues of material fact remained disputed, precluding Summary Judgment. Plaintiff asserts in brief that the court need not decide at this point whether the appropriate standard of proof is general negligence or the heightened duty similar to that imposed upon common carriers.
At the hearing on this Motion, the trial judge stated:
“... but summary judgments are here. They are with us and there have been some modifications via case law if not legislative action. And my appreciation of the current status of summary judgment is something along these lines, that if you need to, one may look down the road, prospectively as to what the outcome may well be and help the trier of fact at this motion at a motion hearing determine the outcome and therefore what should be done here and now, vis á vis, the summary judgment motion.
I don’t like summary judgments, but they are here. I’ve looked at the case. I thought about the case. I try not to go in these things with a not caring attitude, but I really think in this instance based on the facts as I appreciate them, the case law — And Brain [sic], take whatever writs you need but I’m going to grant the motion for summary judgment....”
The trial court was incorrect in its opinion that one may “look down the road” and grant Summary Judgment if the trial court feels that the plaintiff will ultimately not prevail at trial. The trial court must observe the standards as set forth in C.C.P. art. 966(B) and cases interpreting the code article. For the reasons below, however, this Court finds, after our de novo review, that the Motion for Summary Judgment was correctly granted.
The material facts are not in dispute. It was 9:00 p.m., dark outside, and raining heavily; Malone slipped and fell while alighting from the shuttle bus. In the Accident Report and Incident Report, made contemporaneously with the incident, Malone reported that she slipped because her shoes were wet. Two people disembarked successfully in front of her, one immediately after. There was |Rno report of debris or obstructions on the stairwell, only the condition of rainwater. The report states that the stairs were damp from foot traffic.
Plaintiff argues in her Opposition that Boomtown owed the highest duty of care to her, as a passenger on a common carrier, citing Luckette v. Bart’s On the Lake, *189 Ltd., 602 So.2d 108 (La.App. 4 Cir.1992) and Galland v. New Orleans Public Service, Inc., 877 So.2d 84 (La.1979). Boom-town counters that plaintiff was not a fare paying passenger, and as such, only a general negligence standard applies. They further argue that even if plaintiff were owed the highest duty of care, Boomtown did not breach that duty, citing Shorts v. New Orleans Public Service, Inc., 522 So.2d 1265 (La.App. 4 Cir.1988).
The trial court made no finding whether Boomtown’s shuttle bus is a common carrier or a private business enterprise. Determination of this fact is important, however, because under the heightened duty common carriers owe to their patrons, a passenger has the burden of proof, but once a prima facie case of negligence has been established, the carrier has the burden to proceed with evidence to overcome the prima facie case. In a Summary Judgment context, this would affect the showing plaintiff must make in opposing Boomtown’s Motion for Summary Judgment.
Louisiana law, LSA-R.S. 45:162(5)(a) defines “common carrier” as follows:
“Common carrier by motor vehicle” means any person, other than a contract carrier by bus, the essential nature of whose business comprises engaging in, soliciting, or accepting household goods, passengers, or waste, for transportation for hire, charge, or compensation as an employment or holding himself out as so available to the public generally and indiscriminately for such business, whether or not the business is conducted over a regular route, between fixed termini, within a defined area, or upon a regular or irregular schedule.
1 fiClearly, under this statutory definition, the Boomtown shuttle bus is not a common carrier. They do not offer transportation for hire available to the public generally or indiscriminately.
The court in Kerns v. Hyatt Corporation, 1999 WL 562720 (E.D.La.7/29/99) interpreted this statute to hold that the courtesy shuttle bus operated by the Hyatt hotel, which was provided to transport hotel guests from the hotel to the French Quarter, was not a common carrier. As such, the Hyatt owed only an ordinary standard of care, not a heightened one, to its passengers.
As a practical matter, what this means is Malone must make out more than a prima faeie case of negligence against Boomtown. In the context of a Summary Judgment proceeding, because Malone bears the burden of proving her case at trial and there is no burden shift towards Boomtown to exculpate itself, she must come forward, in opposing a Motion for Summary Judgment, with evidence to support her case. She may not merely raise questions, as she does in her Opposition.
Though Shorts was decided against a common carrier, the factual scenario is instructive to determine if Boomtown breached the ordinary standard of care to Malone. In Shorts, plaintiff slipped and fell while walking toward the front of the bus to alight, on a floor wet from rainwater. The court noted the Galland case, but in reversing the trial court’s judgment, which was favorable to Shorts, the court said, citing Casborn v. New Orleans Public Service, Inc.:[2]
(t)he law does not today make the common carrier absolutely liable for its passengers’ accidental injuries. The basis of liability for another’s injury is breach of some duty owed to the injured person. In ordinary tort cases, the injured person bears the burden of prov *190 ing “fault” within La.C.C. 2315. In common earner cases, the carrier’s duty to provide safe passage gives the injured party a significant procedural advantage in that the injury itself suggests breach of the carrier’s duty to provide safe passage, the carrier therefore bears the burden of proof that the injury was not a result of the carrier’s breach, |7and in the absence of evidence of the cause of the injury the carrier is liable.... But the proof in this case is that our plaintiffs fall and injury can only have been contributed to by defendant, if at all, by the condition of the bus floor, and that condition was no worse than expectable on a rainy day from other passengers’ tracking and dripping rain water onto the floor. Thus defendant proved that plaintiff was not injured because of a breach by defendant of its duty as a common carrier.
The court found that the presence of water from rain on the floor, a common situation in our subtropical climate, did not constitute a breach of the heightened duty of care owed to Shorts by the common carrier.
In its Motion for Summary Judgment, Boomtown argues that either plaintiff slipped because the stairs were wet, which does not constitute a breach of duty owed by Boomtown under prevailing case law, citing Shorts, or plaintiff slipped due to some other condition that she cannot identify and has not identified. Thus, Boomtown argues, plaintiff cannot carry her burden of proving that Boomtown was negligent. Boomtown submitted plaintiffs deposition, the Boomtown Accident Report filled out by plaintiff, and an Incident Report filed by the Boomtown Casino.
Boomtown points out that on the evening in question, it was raining heavily. The incident happened at around 9:00 p.m. Consequently, after they had finished in the casino, plaintiff and her friend boarded Boomtown’s shuttle bus to return to their car, as Malone stated in her deposition, given February 16, 2004. When they reached the car, Malone fell as she was descending the steps of the bus. At least two passengers disembarked before her with no trouble, as did Malone’s friend immediately behind her. Malone also stated in that same deposition that she did not know what caused her to fall.
In the same deposition, Malone revealed that she was in her early sixties, and was unemployed due to disability. She noted that she had health problems, |sincluding prior back problems, arthritis, female problems, and depression with anxiety. She and her companion, Mrs. Faucheaux, were regular patrons of Boomtown. She had not taken the shuttle bus before and has not taken it since. At her deposition, Malone didn’t recall if her shoes were wet at the time of the incident. She did note that she was holding the hand rail at the time, and that she is normally a slow walker. She described her shoes as flat-soled slip-ons with closed backs.
In the Incident Report, the writer, an employee of Boomtown, recorded that Malone felt that her foot slipped on the step, and that she felt it was because her shoes were wet at the time. The writer noted that she had neglected to take pictures of Malone’s shoes, but described them as well worn slip-ons with smooth soles. The report stated that it had been raining for some time prior to the above incident, and the ground on the exterior of the complex was wet from the rain, and the steps of the shuttle were “damp” from foot traffic.
In the Boomtown Casino Westbank Accident Report filled out by plaintiff, under “cause of accident/illness,” Malone filled out “shoes wet, slipped on last step.”
*191 In opposition to the Motion for Summary Judgment, Malone and Mrs. Fau-eheaux, her companion, entered affidavits, dated March 17, 2005, that stated there was no exterior lighting in the parking lot in the place where the shuttle bus stopped, though there were lights in the general area, that there were no working lights in the shuttle bus to illuminate the stairs. Malone concludes that she slipped on the wet stairs because of the darkened, unfit condition of the stairs, which is opposed to her deposition testimony, the Incident Report, and the Accident Report made at the time of the incident. She also concluded that the material of the stairs |sdid not retard the accumulation of water, nor did the flooring material act in any manner to retard or prevent her from slipping on the wet steps.
Malone’s and Faucheaux’s affidavits, besides being contradictory to Malone’s deposition, offer merely conclusory statements regarding the fighting and the stairs, which are contradictory to Malone’s deposition, the Incident Report, and the Accident Report. They do not establish a breach of duty on the part of Boomtown.
In the Memorandum in Opposition to Motion for Summary Judgment, Malone asserts that several questions of material fact remain, for instance: what was the condition of the exit stairs of the shuttle bus? Were the stairs wet due to the rain shower? Were the stairs unreasonably dangerous due to the wet condition? What was the material covering the exit stairs on the evening in question? Were the stairs slip-resistant or skid resistant? Were the stairs properly fit so that passengers could see the condition of the stairs as they departed the bus? Were the stairs unlit because there were no lights in the stairwell? Were the stairs unfit because the driver failed to turn on the fights? Were the stairs unfit because of a failure to maintain the stairwell fights?
We find that that these are not questions of material fact. These are simply questions that it is plaintiffs duty to answer, not raise, in response to defendant’s Motion for Summary Judgment in order to defeat the Motion for Summary Judgment and prosecute her case. Plaintiff cannot defeat the Motion for Summary Judgment by coming forward with questions, over four years after the incident, about the standards for conditions of the bus; plaintiff must come forward with factual support sufficient to show that she will be able to meet her evidentiary burden of proof at trial. This fist, combined with plaintiffs and Faucheaux’s affidavits, merely raise questions; they do not provide the necessary factual support Insufficient to show that she will meet her evidentiary burden at trial. The fact that plaintiff slipped because her shoes were wet, on a day with significant rainfall, does not indicate liability on the part of Boomtown. Because it was raining heavily, a reasonable person should have known and expected that there would be the presence of some rainfall on the steps. Malone does not allege that there was any abnormal accumulation of rainfall.
Plaintiff also distinguishes Shorts on the fact that she slipped on the stairs while Ms. Shorts slipped in the aisle. This is a distinction without a difference.
Malone tries to raise an issue of material fact by mentioning that it was dark on the bus and there were no stairwell fights. But in her incident report and deposition, she does not claim that there was anything in the stairwell, such as debris or an obstruction, that she failed to see because of the darkness. Malone comes forward with no evidence whether the lighting in the bus stairwell was required, or was in fact insufficient or substandard in some way.
*192 Accordingly, we find that the Motion for Summary Judgment was properly granted. The judgment is affirmed.

AFFIRMED.

. In her deposition, plaintiff stated that she preferred to be addressed by the name Malone, and is consistently referred to as such throughout the record.

. 448 So.2d 176 (La.App. 4 Cir.1984), writ denied 452 So.2d 174.